## UNITED STATES v. CLARK.

*(Circuit Court, D. Minnesota.  December 14, 1888.)*

POST-OFFICE — OFFENSES AGAINST POSTAL LAWS — OBSCENE MATTER—INDICTMENT.

    An indictment under Rev. St. U. S. § 3893, charging that defendant did knowingly deposit for mailing and delivery certain obscene pictures, etc., is not open to the objection that it is not alleged that the defendant knew the character of that which he deposited.[1]

Indictment for Mailing Obscene Matter.

  *Geo. N. Baxter* and *Henry C. Wood*, for plaintiff.

*Gould & Snow*, for defendant.

BREWER, J.    This is a motion in arrest of judgment.    The indictment charges that the defendant did unlawfully and willfully, knowingly deposit and cause to be deposited for mailing and delivery, in a post-office of the United States, to-wit, the post-office at Wiscoy, in said district of Minnesota, a certain lewd, obscene, and lascivious picture of an indecent character, etc.    The indictment does not separately charge both the knowingly depositing of something in the post-office, and also that the defendant knew that this which he deposited was obscene; and the point is made that the gist of the offense is that he knew the character of that which he deposited, and that, in the absence of such an allegation, the indictment is defective.    The indictment follows the statute.    That, of course, is not always conclusive, for it is settled by the supreme court of the United States that it is not sufficient in an indictment "to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished; and the fact that the statute in question, read in the light of the common law and of other statutes on like matter, enables the court to infer the intent of the legislature, does not dispense with the necessity of alleging all the facts necessary to bring the case within that intent." *U. S. v. Carll*, 105 U. S. 611, and cases cited.    Yet there is always a presumption that the language of the statute fully describes the offense intended to be punished, and consequently that an indictment using that language also fully describes the offense.    Now, the statute (section 3893, Rev. St.) declares that every obscene, lewd, or lascivious book, etc., is hereby declared to be non-mailable matter, and shall not be conveyed in the mails, nor delivered from any post-office, nor by any letter carrier; and then adds that any person who shall knowingly deposit anything declared to be non-mailable, shall be deemed guilty of a misdemeanor, etc.    The matter mailed as described in the indictment was unquestion-

---

[1] In U. S. v. Chase, 27 Fed. Rep. 807, an indictment similar to that in the principal case was held defective in matter of form only, and cured by Rev. St. U. S. § 1025.    For full discussions of the offense of mailing obscene matter, see U. S. v. Mathias, 36 Fed. Rep. 892, and cases cited.

ably non-mailable. The statute declares that whoever knowingly deposits non-mailable matter is guilty. The indictment alleges that the defendant knowingly deposited this non-mailable picture. Doubtless the question turns largely on whether the word, "knowingly," as used in the statute and the indictment, qualifies simply the adjacent verb "deposit," or the whole matter described. It may be conceded that ordinarily an adverb is understood as qualifying its adjacent verb; and yet that is not always true, and in construing words and sentences used in an indictment we are to give them their ordinary significance, in the absence of some technical construction necessarily imposed upon them. Now, it is a familiar use of the adverb "knowingly" that it qualifies both its adjacent verb and the full act thereafter described. A few simple illustrations will make this clear: I say that a party knowingly told a lie. Every one understands from that that I mean that the party has stated that which he knew to be a lie, and not simply that he stated that which was in fact untrue, yet unknown to him to be untrue. And in the same way, when I say that a party knowingly deposited an obscene picture, no one supposes that I mean that he simply deposited a picture, the character of which he was ignorant of. All understand that I mean to say that he has deposited that which he knew to be obscene; and this because the adverb "knowingly," used in sentences of this kind, by the common understanding of all, goes beyond the mere verb, and includes broadly all that is expressed in the full act charged to have been done. Now, congress, in the section under which this indictment was framed, chose to use language in this way; and, after defining what was non-mailable matter, declared that any one who knowingly deposited such non-mailable matter should be punished. Shall I ignore this common understanding of the use of the word "knowingly" in sentences of this kind, or shall I recognize that congress has used this language in its ordinary acceptation; and, having thus sufficiently described the offense, hold that an indictment which follows that description is sufficient? Beyond all this there is a section (1025) which declares that "no indictment * * * shall be deemed insufficient, nor shall the trial stop, or other proceedings thereon be affected by reason of any defect or imperfection of matter of form only which shall not tend to the prejudice of the defendant." Can it be possible that the defendant was misled by the language of this indictment as to the exact offense with which he was charged? Did he for a moment suppose that he was charged with putting in the post-office something of which he was entirely ignorant, or did he understand from the ordinary meaning of the language used that he was charged with putting in the post-office an obscene picture,—that which he knew to be obscene? I can have no doubt that he was fully informed as to the charge against him, and not in the slightest degree misled. I am fully aware that there are authorities which do not concur with this view, and yet I think those authorities adhere too closely to the rigor and technicality of the old common-law practice, which, even in criminal matters, is yielding to the more enlightened jurisprudence of the present,—a jurisprudence which looks evermore at the matter

of substance and less at the matter of form. Believing that the defendant was fully informed of the matter charged against him, notwithstanding the cases cited to me of *Com.* v. *Boynton,* 12 Cush. 499, *U. S.* v. *Slenker,* 32 Fed. Rep. 691, I am constrained to hold that this indictment is sufficient, and that the motion in arrest must be denied. My brother NELSON agrees with me fully in this matter, and it will be so ordered.