## UNITED STATES v. REID.

### (District Court, W. D. Michigan.)

1. VIOLATION OF POSTAL LAWS—OBSCENE MATTER—INDICTMENT—SCIENTER.

    An indictment charging that defendant did "unlawfully and knowingly deposit" certain newspapers in the mails, "each then and there containing, amongst other things, a certain obscene," etc., printed article, is insufficient to charge knowledge of the offensive character of the publication, when this objection is taken on motion to quash before trial, though the defect would probably be regarded as waived after verdict.

2. SAME—AVERMENTS IDENTIFYING THE OBJECTIONABLE MATTER.

    If the indictment omits to set out the offensive matter, on the ground that it is unfit to be spread upon the record, there must be such other allegations as will identify the subject-matter of the charge; and, where the objectionable matter was contained in a newspaper, it is not enough to aver that defendant was publisher of a newspaper named, and did deposit "certain newspapers, to wit, two thousand printed newspapers," without further identifying them by name, date, or otherwise.

3. SAME.

    Whether the statute includes those publications which are simply filthy and vulgar, quære.

This was an indictment against Edwy C. Reid for mailing obscene matter, founded upon Rev. St. § 3893, as amended by section 2, Act Sept. 26, 1888. Heard on motion to quash.

John Power, U. S. Atty.

F. A. Maynard, for defendant.

SEVERENS, District Judge. The counsel for the defendant in this case have founded their motion to quash upon the following points, in substance: (1) That the indictment fails to charge that the defendant knew the character of the contents of the paper deposited in the mail; (2) that the bare allegation that he deposited a number of papers of the character mentioned in the statute does not sufficiently describe the papers said to have been deposited; and (3) that the statute forbids the mailing of matter which is lewd or lascivious, and does not include matter which is simply foul and vulgar.

With respect to the first point, the allegation in the indictment is that the respondent "did unlawfully and knowingly deposit, and cause to be deposited, in the post office of the said United States, at Allegan, aforesaid, for mailing and delivering, certain printed newspapers, to wit, two thousand printed newspapers, then and there addressed to divers persons, and each then and there containing, amongst other things, a certain obscene, lewd, lascivious, and indecent article in print." It will be observed that, while this language charges an unlawful and conscious depositing in the mails of the offensive matter, it does not in terms charge that the respondent knew that that which he so deposited contained offensive matter. It is undoubtedly an element of the offense prescribed by the statute on which this indictment is framed that the party charged must have known the character of the publication when it was deposited by him in the mail, and the ground of the present objection is that it is nowhere charged in this indictment that the respondent had such knowledge. The decisions in the various federal courts upon the question whether the employment of the words "unlawfully and knowingly" applies not only to the depositing, but also to the character of the thing deposited, are apparently in some conflict. The result to be drawn from an analysis of all of them would seem to be that the determination of the question depends upon the time when the objection is made; whether upon the arraignment and before trial, or after trial and verdict, the objection not having been previously made. There is a difference in the rule to be applied, and which is applied, in all pleadings, whether civil or criminal, at one of these stages from that which applies at the other. The rules of criminal pleading, especially, require a reasonable precision and fullness of statement to describe all of the elements included in the offense; and, if it is not done, the pleading is open to challenge, if such challenge is seasonably interposed. If, however, no objection is made to the allegations of the pleading, but those allegations do contain some informal and technically uncertain averments, from which the inference can be fairly drawn that the intention was to charge the existence of that element of the offense, and the defendant, by not interposing his objection thereto, has accepted the same as sufficient, and gone on with the trial of the case, it will not be competent for him, on a motion in arrest of judgment, to then allege that the averments in the indictment were not sufficient to charge

the characteristic fact in question. The authorities upon the precise question now under consideration may be nearly all harmonized by this distinction: that the word "knowingly," in connection with the words charging the deposit and character of the matter deposited, will, after trial and verdict, be admitted to have applied to both those elements of the offense, upon the ground that in common speech that would be the ordinary interpretation of such form of expression,—that is to say, it would have been an inference by common intendment; and, on the other hand, that it would not be regarded as a sufficient averment of knowledge of the character of the thing deposited, under the more stringent rule which applies to pleadings when tested by a seasonable objection to their sufficiency. And it appears to be the conclusion justly to be drawn from the mass of decisions on the subject that the form of pleading here employed is not sufficient when tested by the rule of pleading to which I have adverted.

The second ground of the objection is that there is no sufficient description of the newspapers charged to have been deposited in the mail. The indictment, regarding the matter as too offensive to be spread upon the records, charges that in this case the article was of that character, and, for the reason that it is too offensive and indecent to be spread upon the records of the court, excuses the failure to set the same out. This has been held to be a permissible mode of pleading, but the law of pleading requires that, if this is done, there should be sufficient else stated in the indictment to describe the thing alleged to have been mailed, and distinguish it from other matter, so that the respondent may be apprised with reasonable certainty of the identical matter which he is charged with having deposited. In this case there is no identification of the matter deposited, except that they were newspapers. It is true, it was stated in the early part of the indictment that the defendant was the proprietor and publisher of the Allegan Gazette, but there is no allegation even that the newspapers deposited for mailing were publications of the Allegan Gazette. Certainly, there could have been no difficulty in stating what newspapers the defendant deposited, or of what date of issue, or what was the caption or other characteristic of the offensive article. The indictment does not, therefore, comply with the requirements of the rule that, if the exposition of the contents is excused for the reason already stated, there must be other allegations, which, it can be seen, it was within the power of the prosecutor to make, identifying the subject-matter of the charge. The allegations of this indictment would be supported by proof of the depositing of any newspaper, whether it be the Allegan Gazette or a newspaper published by somebody else at any other place, and have any date or any other incidents of description, at any time within the period covered by the statute of limitations. Under the doctrine of criminal pleading in this regard, it seems clear that such bald allegation cannot be held to be sufficient.

As to the third point: The language of the offensive article has been, during the progress of the argument, submitted to the court. The question whether it falls within the statute depends upon the

construction to be given to the words employed in the act. Some of the decisions in the United States courts hold that the statute includes only such publications as are of a lascivious character, and does not include those which are simply filthy and vulgar. Others hold that the language is of more extensive signification, and includes those which are obscene (using that term in a wide sense) and .indecent. Probably the later decisions must be admitted to tend towards the former construction; but I do not find it necessary to pass upon that question, in .view of the conclusion which is reached upon the first two grounds, and the court does not undertake to determine, in the sharp conflict of the authorities, which of them are the soundest interpretation of the statute. The motion to quash will therefore be sustained.

Since this opinion was written a decision of the supreme court of the United States has been published, by which it is determined that upon the proper construction of the act above mentioned, it does not include those publications which are simply coarse and vulgar. Swearingen v. U. S. (decided March 9, 1896) 16 Sup. Ct. 562.