## UNITED STATES v. CLIFFORD.

*(Circuit Court, D. West Virginia. October 16, 1900.)*

1. **POST OFFICE—OFFENSES—INDICTMENT FOR MAILING OBSCENE MATTER.**
    An indictment for violation of Rev. St. § 3893, prohibiting the mailing of publications of a certain described character, must charge specifically that the publication mailed by defendant was of the character declared nonmailable by the statute, and it is not sufficient to merely set out a copy of such publication, leaving its nonmailable character to be inferred therefrom; nor is the defect cured by the conclusion of a subsequent count, "contrary to the form of the statute."

2. **SAME—DESCRIPTION OF OFFENSE—KNOWLEDGE.**
    An indictment under Rev. St. § 3893, which charges that the defendant "did knowingly deposit and cause to be deposited" in a post office, for mailing, certain newspapers containing an article claimed to be nonmailable under said section, is fatally defective on demurrer where it fails to charge that the defendant knew at the time that the papers contained matter prohibited by the statute.

On Demurrer to Indictment.

Joseph H. Gaines, for the United States.

Faulkner & Walker, for defendant.

JACKSON, District Judge. The defendant is indicted, under section 3893, Rev. St., for a violation of that statute. It is not clear to my mind whether this indictment was intended by the district attorney to contain one or two counts. In the view I take of it, I shall treat it as containing two counts. To this indictment a demurrer is filed.

The first count charges that the defendant on the 2d day of June, 1899, within the jurisdiction of this court, "unlawfully, did knowingly deposit, and cause to be deposited, at the city of Martinsburg, in said district, in the post office of the said United States there, for mailing and delivery, certain printed newspapers, to wit, fifty printed newspapers, then and there addressed to divers persons, respectively, which said persons are to the grand jurors aforesaid unknown, and each then and there containing, amongst other things, the following matters in point; that is to say." Thereupon the pleader sets out in full the article said to have been mailed by the defendant. It will be observed that there is no allegation in this count of the indictment that alleges a violation of the statute upon which this indictment is found. The statute inhibits the mailing of any obscene, lewd, or lascivious book, pamphlet, picture, paper, print, or other publication of an indecent character. It does not allege that the papers mailed were nonmailable matter, but merely relies upon a copy, which I suppose was taken from the paper, as evidence that it was nonmailable matter, without specifically charging that it was a violation of the statute. I have carefully examined the precedents and forms of indictments drawn upon this statute, and I have not found one that does not specifically allege that the matter complained of was in violation of it. The counsel for the defendant insists that the indictment is defective for the want of an allegation

that the matter was nonmailable matter. It is also urged that the indictment is defective for the reason that it only charges that the defendant "did knowingly deposit, and cause to be deposited," certain newspapers in the mail, addressed to divers persons, and that there is no allegation that the defendant knew at the time that he deposited said papers that they contained offensive matter, inhibited by the statute. It is a well-settled principle of law that an indictment should describe the offense with such certainty that the court may judicially see that an offense under the statute has been committed. The acts which constitute the alleged crime should be set forth with such reasonable certainty that the prisoner may be advised of what he is called to plead to. 2 Hawk. P. C. p. 323, § 60, says that "the want of a direct allegation of anything material in the description of the substance, nature, or manner of the crime cannot be supplied by any intendment or implication whatsoever." The offense, under the statute, must be stated so as to bring the defendant precisely within the act. State v. Foster, 3 McCord, 442; Respublica v. Tryer, 3 Yeates, 451. It must be apparent from what I have said that this count of the indictment is defective, for the reason that it does not declare that the papers that were deposited in the mail were nonmailable matter, and therefore in violation of the statute. It may be contended that the general conclusion at the end of the second count would cover this defect. I do not think so. The first count should conclude, just as the second count concludes, "contrary to the form of the statute," etc. For this reason, I am clearly of the opinion that the first count in the indictment is defective.

But there is another objection to the indictment, which, in my judgment, is more serious than the one just passed upon, and that is that it is not alleged that the defendant well knew the contents of the article in the newspaper when it was by him deposited in the mail. This is a material fact, and it must appear upon the trial of the case that he had such knowledge before he can be convicted. Certainly he ought not to be convicted unless it appears from the evidence that he had knowledge of its contents. The mere depositing of a paper is not of itself a violation of law. It is the depositing and mailing of a paper, with knowledge of its contents, such as is described in the statute, which constitutes a violation of the law. The indictment should allege that when the defendant deposited the paper he knew of its contents, and that it contained an article, the mailing of which was inhibited by the statute. It does not necessarily follow that the depositing of a paper by the defendant renders him liable, in the absence of guilty knowledge of its contents. If it is necessary, to secure the conviction of a man for violation of this statute, by proof that the paper contained matter inhibited by the statute, then he should have notice of what the prosecution intended to prove, by an allegation in the indictment that he well knew its contents, and that the paper contained matter forbidden by the statute to be mailed. In the case of U. S. v. Reid (D. C.) 73 Fed. 289, Judge Severens, who presided upon that occasion, seems to agree with me on this point. The language employed in that indictment was some-

what similar to that employed in the one under consideration. He remarks that:

"It will be observed that, while the language charges an unlawful and conscious depositing in the mails of the offensive matter, it does not, in terms, charge that the respondent knew that that which he so deposited contained offensive matter. It is undoubtedly an element of the offense prescribed by the statute on which this indictment is framed that the party charged must have known the character of the publication when it was deposited by him in the mail, and the ground of the present objection is that it is nowhere charged in this indictment that the respondent had such knowledge."

There is no such allegation in this indictment.

I have examined with considerable care the questions presented by the demurrer, and I find that the precedents furnished by the common-law writers, and the decisions of the courts upon those precedents, as well as the rulings of our own courts under this statute, seem to hold that an indictment of this character is open to objection when it does not allege that the party had knowledge of a material fact that constitutes the body of the offense. There is but one case that has fallen under my eye that seems to support the theory of the prosecution in this case, and that is the case of U. S. v. Clark (C. C.) 37 Fed. 106. To the indictment in that case there was no demurrer interposed, but there was a motion made to arrest the judgment after the verdict of guilty. Such was the fact, also, of the case of Rosen v. U. S., 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606. In both cases there was a motion to arrest the judgment after the verdict. Those decisions seem to have been controlled by section 1025 of the Revised Statutes, providing that the proceedings on an indictment in the courts of the United States shall not be affected "by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." And the court holds that a defect in an indictment of the character of the one under consideration should be regarded, after the verdict, and under the circumstances attending the trial, as one of form, instead of one of substance. There appears to be some conflict in the decisions of the federal courts upon the question whether the use of the words "unlawfully and knowingly" applies only to the depositing of the mail matter, or whether it applies to the character of the matter deposited. There is no decision by the supreme court of the United States upon this question, unless the case of Rosen v. U. S., supra, should be regarded as authority upon this point. In that case the point was not expressly ruled by the court, but it remarked that "it was not unreasonable to suppose that the defendant was, and must have been, aware of the nature of the contents at the time he caused it to be put into the post office for transmission and delivery." But this was after verdict. This would seem to me to be a conclusion of law, and I know of no authority that justifies a court in overruling a demurrer for the reason that a jury might, by inference, reach a conclusion that the party knew he was guilty of the crime of which he stood charged without notice.

Another ground of demurrer assigned to this indictment is that the published article is not within the prohibition of the statute; and the case of Swearingen v. U. S., 161 U. S. 446, 16 Sup. Ct. 562, 40 L. Ed.

765, is relied upon to support that position. In that case the court held that while the language used in that publication was "coarse, vulgar, and, as applied to an individual, libelous," yet it "was not of such a lewd, lascivious, and obscene tendency" as was "calculated to corrupt and debauch the minds and morals of those into whose hands it might fall"; but I am inclined to the opinion that the import of the language used in the publication now under consideration, while it is "coarse and vulgar," had a tendency to excite the passions and to corrupt the morals of those who read the article, and of persons whose minds are open to such influence. Much might be said on this subject, but at this time I will not enter upon any particular discussion of the contents of the paper alleged to have been mailed, as being offensive to the moral sense of society, and whether the publication had a tendency to corrupt and deprave the morals of persons whose minds are open to such influence; but when it appears, as in this paper, that in one instance it charges a party with "skulking in the bushes with a noted prostitute," and in another instance charges "a female with being stark naked," and said it could be "proved by scars on her body," it would seem that the use of such language is calculated to deprave the morals, and, more or less, to excite sensual desires and lascivious thoughts. It is suggested, however, that the language used in this paper is one of a libelous character, and that it does not strictly fall within the purview of the statute. I have no question in my mind that the language employed, as applied to the individuals referred to, is libelous, and that possibly a prosecution for a libel might be maintained. It might be libelous, and yet fall within the inhibition of the statute. Upon this question I will withhold any opinion, as there are other grounds that are fatal to this indictment. In the view I take of this indictment, whether it is one continuous count or two counts, the objections taken to it are fatal, and I am therefore of opinion to sustain the demurrer.