KONDA v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   October 6, 1908.)

No. 1,411.

1. INDICTMENT AND INFORMATION (§ 63*) — FACT OR CONCLUSIONS — OFFENSES AGAINST POSTAL LAWS.

In an indictment for mailing nonmailable matter, an averment that the pamphlet charged to have been mailed was "obscene, lewd, and lascivious" is one of fact, and not a conclusion of law.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 185; Dec. Dig. § 63.*]

2. POST OFFICE (§ 48*) — OFFENSES AGAINST POSTAL LAWS — INDICTMENT FOR MAILING NONMAILABLE MATTER—AVERMENT OF KNOWLEDGE.

An indictment under Rev. St. § 3893 (U. S. Comp. St. 1901, p. 2658), which charges that defendant "unlawfully and knowingly" mailed an obscene, lewd, and lascivious pamphlet, sufficiently charges that he knew the character of such pamphlet.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 70; Dec. Dig. § 48.*]

3. CRIMINAL LAW (§ 744*) — TRIAL—PROVINCE OF COURT AND JURY—ISSUES OF FACT—UNCONTROVERTED EVIDENCE.

A defendant in a criminal case has the absolute right to require that the jury decide whether or not the evidence sustains each and every material allegation of the indictment, and the judge is without power to charge as matter of law that any such allegation is proved, even where the evidence is clear and uncontradicted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1715, 1727, 1728; Dec. Dig. § 744.*]

4. POST OFFICE (§ 31*)—OFFENSES AGAINST POSTAL LAWS—NONMAILABLE MATTER—KNOWLEDGE.

In a prosecution for mailing nonmailable matter, an instruction which in effect stated to the jury that defendant was chargeable with knowledge of the character of such matter and might be convicted if he negligently refrained from ascertaining its character was erroneous.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 50; Dec. Dig. § 31.*

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

In error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

John F. Geeting, for plaintiff in error.

Edwin W. Sims, U. S. Dist. Atty., and F. G. Hanchett and Frank R. Reid, Asst. U. S. Dist. Attys.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge.   Plaintiff in error was convicted of sending an obscene pamphlet through the mails, in violation of section 3893 of the Revised Statutes (U. S. Comp. St. 1901, p. 2658).

No error was committed in overruling the demurrer to the indictment.   The averment that the pamphlet was obscene, lewd, and lascivious was a statement of fact—"no more a legal conclusion than was the one that the article deposited in the post office was a letter,

or than would be an allegation of ownership or sale." Rinker v. U. S., 151 Fed. 755, 81 C. C. A. 379.

The indictment, stating that the matter was too obscene to be spread of record, sufficiently identified the pamphlet by describing its size and appearance and by setting forth the title page. Rinker v. U. S., supra, and cases there cited.

Plaintiff in error, so the grand jurors charged, did unlawfully and knowingly deposit in the mails nonmailable matter. Contention is made that the indictment is deficient in substance in that it fails to allege that plaintiff in error knew the character of the pamphlet he mailed. Beyond question such knowledge is an essential element of the offense. The statute, however, only says that "any person who shall knowingly deposit * * * nonmailable matter * * * shall be deemed guilty of a misdemeanor." That is, in the statute the adverb "knowingly" not merely modifies the verb, but characterizes the whole act that is stated by the predicate and object. Now, if the courts and the citizens of the country are bound to know on reading the statute that a depositing of nonmailable matter is a misdemeanor only when the depositor has knowledge of the character of the matter, we believe (though some cases to the contrary are cited, U. S. v. Reid [D. C.] 73 Fed. 289; U. S. v. Clifford [C. C.] 104 Fed. 296) that the same language in an indictment is sufficient to notify a defendant that the government is charging and has undertaken to prove that he knew the character of the matter when he mailed it. See U. S. v. Clark (C. C.) 37 Fed. 106; Price v. U. S., 165 U. S. 311, 17 Sup. Ct. 366, 41 L. Ed. 727.

"I charge you as a matter of law," said the judge to the jury, "that the document is nonmailable, that it was forbidden by the laws of the United States, that it had no place in the mails, and that you will not consider the question, in arriving at your verdict in this case, whether or not it was nonmailable." This was harmful error, for two reasons.

The pamphlet was alleged to be "in the Slovenian language." No translation of it as a whole was in evidence. "A Victim of Circumstances, or Memoirs of a Carniolian Priest" contained 69 pages. In the translation which the judge used in passing upon the character of the work nothing was presented from more than half the pages. From the other pages excerpts were taken here and there. Now these excerpts may have correctly disclosed the scope and tone of the pamphlet. On the other hand, when they were thus taken from their settings and deprived of the support of their full context, it may be that they did not fairly represent the character of the work. For instance, the results of an investigation into the conduct of some of our penal and charitable institutions possibly might be set forth in a way capable of arousing libidinous passions; or the same results might be framed in an attack upon wrongs and an appeal for correction, so that they would stir up, not lecherous thoughts, but only reformative instincts. So in this case, even if it was the function of the judge to decide that the averment in the indictment respecting the character of the pamphlet was proven, it was wrong to base the decision on the untested assumption that the excerpts truly gauged the scope and character of the pamphlet.

In our judgment, however, a defendant in a criminal case has the absolute right to require that the jury decide whether or not the evidence sustains each and every material allegation of the indictment. Material allegations are allegations of fact. And each, as much as any other, enters into a verdict of guilty. If the judge may decide that one or another material allegation is proven, he may decide that all are proven, and so direct a verdict of guilty. In a civil case, the judge may exercise the power of directing a verdict for the plaintiff when there is no conflict in the evidence and the only inference that can be drawn by reasonable minds as to the ultimate facts in issue favors the plaintiff. This power, we opine, grew out of the practical administration of the fundamental power to review, on a motion for a new trial, the findings of the jury. In the civil case above supposed, if the jury should return a verdict for the defendant, the judge would set it aside; and he would continue to set aside verdicts in that case until one should be returned that was in accord with the undisputed facts. So he cuts off the possibility of useless verdicts by directing in the first instance the jury to return the only verdict he will let stand. But in a criminal case, if the jury returns a verdict for the defendant, the judge, no matter how contrary to the evidence he may think the verdict is, cannot set it aside and order a new trial. Therefore, since the judge is without power to review and overturn a verdict of not guilty, there is no basis on which to claim the power to direct a verdict of guilty. Our conclusion is that an accused person has the same right to have 12 laymen pronounce upon the truth or falsity of each material averment in the indictment, if the evidence against him is clear and uncontradicted, as he unquestionably would have if it were doubtful and conflicting. Inasmuch as jurors are rightly trusted, in close and difficult cases, to maintain the peace and dignity of organized society, surely they may be relied on in the plain and simple ones.

After explaining to the jury fully and correctly that the defendant's knowledge of the character of the pamphlet might be established, over his denial, by purely circumstantial evidence, the judge went further and said:

"A man may not defend himself as establishing the absence of knowledge of the contents of a paper by showing that he negligently refrained from ascertaining the contents of a paper."

If a man ought to be punished because he "negligently refrained from ascertaining" (failed to use reasonable care in discharging the duty of learning) the contents of a paper or letter some one asks him to mail, it is for Congress, not for courts, to make the addition to the penal code.

The judgment is reversed, with the direction to grant a new trial.