### UNITED STATES v. CURREY.

(District Court, D. Oregon. July 28, 1913.)

No. 5,907.

1. POST OFFICE (§ 48*)—MISUSE OF MAILS—INDICTMENT—PROHIBITED INFORMATION.

An indictment, charging that defendant received through the post office department a certain letter, a copy of which was set out, and that thereafter defendant in response thereto did knowingly, etc., deposit and cause to be deposited for mailing and delivery a certain envelope containing a letter giving information as he, the defendant well knew, as to how, when, where, of whom, and by what means certain articles, etc., intended to prevent conception, might be obtained, was not demurrable for failure to allege that defendant knew or believed the articles mentioned in the letter were designed or intended to prevent conception; it being sufficient

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to show that the indictment alleged, as it did, that defendant knew that the envelope contained a letter giving the prohibited information.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

2. POST OFFICE (§ 48*)—MISUSE OF MAILS—UNMAILABLE ARTICLES—SPECIFICATION.

Where an indictment for misuse of the mails alleged the mailing and delivery of an envelope containing a letter giving information where certain articles intended to prevent conception could be obtained, the government was not required to specify or elect as to which of several articles it relied on for a conviction; it being sufficient that the letter gave information where the unmailable articles might be had.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

3. POST OFFICE (§ 48*)—MISUSE OF MAILS—ILLEGAL LETTER—ELEMENTS OF OFFENSE.

In a prosecution for misuse of the mails in depositing in the post office for delivery an envelope containing a letter giving illegal information, an indictment, alleging that defendant deposited and caused the letter to be deposited in the mails for transmission and delivery, sufficiently connected him with the letter, without alleging that he wrote it or caused it to be written.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

4. POST OFFICE (§ 31*)—MISUSE OF MAILS—NONMAILABLE MATTER—USE OF ARTICLES ADVERTISED—KNOWLEDGE.

In a prosecution for misuse of the mails in depositing for mailing a letter giving information as to where certain articles intended to prevent conception might be obtained, it was sufficient that the articles specified were designed, adapted, and intended for that purpose, whereupon defendant would be presumed to know that the articles were nonmailable.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*]

5. POST OFFICE (§ 31*)—MISUSE OF MAILS—STATUTES.

The statute regulating the use of mails provides that every article, instrument, substance, drug, medicine, or thing which is advertised or described in a manner calculated to lead another to use to prevent conception is declared nonmailable. *Held*, that such section relates to the article, drug, medicine, or thing advertised or described, and not to a letter describing it or the advertisement thereof through the mails, and hence an indictment charging that defendant deposited in the mails a letter which advertised and described certain articles in a manner calculated to lead another to use and apply them to prevent conception was insufficient.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*]

6. POST OFFICE (§ 48*)—MISUSE OF MAILS—SCIENTER.

Where an indictment for misuse of the mails charged that defendant did knowingly deposit for mailing a certain envelope, which, as defendant then and there well knew, contained a letter described, which letter advertised and described certain articles, implements, etc., intended, designed, and adapted to prevent conception and gave information as to where and from whom the same could be obtained, it sufficiently alleged that defendant knew that the letter advertised or represented that the articles spoken of therein could or might be used for that purpose.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

H. E. Currey was indicted for misuse of the mails and moves to quash the indictment. Motion granted in part.

Charles C. Hindman, Asst. U. S. Atty., of Portland, Or.

William Smith, of Baker City, Or., and J. N. Hart, of Portland, Or., for defendant.

WOLVERTON, District Judge. The defendant is indicted by 13 counts, for making use of the mails for unmailable matter. By the first count it is charged that the defendant received through the post office establishment a certain letter (setting the same out by copy), and that thereafter the defendant, in response to such letter, "did knowingly, unlawfully, and feloniously deposit and cause to be deposited for mailing and delivery * * * a certain envelope * * * addressed to ———, which said envelope contained therein a certain lettter giving information directly and indirectly, as he the said defendant well knew, as to how, when, where, of whom, and by what means certain articles, instruments, substances, drugs, medicines, and things designed and intended for preventing conception might be obtained." This letter is also set out by copy, and is signed "Live and Let Live Drug Store, by Mrs. B. Grove."

The second count charges that defendant "did knowingly, unlawfully, and feloniously deposit * * * a certain envelope, * * * which said envelope, as the defendant then and there well knew, contained therein the letter dated October 21, 1912, to ——— and signed by the Live and Let Live Drug Store, by Mrs. B. Grove, a copy of which said letter is set out in count 1 of this indictment, which said letter advertised and described certain articles * * * in a manner calculated to lead another to use and apply said articles * * * for preventing conception."

Count 3 charges that the defendant did knowingly, etc., deposit, etc., a certain envelope, etc., which said envelope, as the defendant then and there well knew, contained the letter (describing it as in count 2), which letter advertised and described certain articles, etc., in a manner calculated to lead another to apply said articles, etc., for preventing conception.

Count 4 charges the posting of a letter, in language as in count 3, which said letter, however, it is alleged advertised and represented that certain articles, etc., may and can be used and applied for preventing conception.

Counts 5 to 8 and 9 to 12, inclusive, are in substance the same as the four preceding counts, except that they are founded upon other correspondence, between the same parties, relative to the same subject-matter.

The thirteenth count is based upon the mailing of a package containing articles and things (describing them) designed, adapted, and intended for preventing conception.

To each of these counts a motion to quash has been interposed.

To count 1 it is objected that: (1) It does not allege that defendant knew or believed the articles mentioned in the letter were designed or intended for preventing conception. (2) It does not point out

which article or articles are relied upon as an article or thing so designed or intended. (3) It fails to connect defendant with the Live and Let Live Drug Store, or with Mrs. B. Grove, ostensibly the writer of the letter. (4) It does not allege that the articles mentioned in the letter were unmailable. (5) The letter shows that another wrote it, and not the defendant, which fact is not negatived by the indictment.

[1] Answering these in their order: It is sufficient that it is alleged, as the indictment does in effect, that the defendant well knew that the envelope contained a letter giving the inhibited information. The articles and things are specified in the letter, and the letter very clearly discloses the use for which they are designed and calculated.

[2] It is enough that the letter gives information where unmailable articles may be had. This renders the letter unmailable, and the pleader is not required to specify or elect as to which of several articles that might be mentioned he relies upon for conviction.

[3] It is the mailing of such a letter that is denounced, not the writing of it or causing it to be written, and hence it is unnecessary to further connect the defendant with the letter.

[4] Nor is it essential to allege that defendant knew the articles or things to be unmailable. When it is shown that they are designed and adapted and intended for preventing conception, the defendant is presumed to know that they are unmailable. The law imposes that knowledge upon him, and he cannot escape from it by a show of ignorance.

And as to the fifth objection, it makes no difference as to who wrote the letter. It is sufficient that defendant posted it, or had it posted, knowing its contents.

[5] Count 2 is outside of the statute, as counsel for defendant claims. By the statute "every article, instrument, substance, drug, medicine, or thing which is advertised or described in a manner calculated to lead another to use or apply it for preventing conception" is declared nonmailable. This has relation to the article, drug, medicine, or thing advertised or described, and not to a letter describing it, or the advertisement of it through the mails.

Counts 6 and 10 are subject to the same objection.

[6] Objection is made to counts 3, 7, and 11 on the ground that it is not alleged that the defendant knew that the said letter advertised or represented that the articles or things spoken of in the letter, or any of them, could or might be used for an illegal purpose. The same objection, in effect, is made to counts 4, 8, and 12, namely, that there is no scienter touching the contents of the letter.

In so far as pertinent in view of the objection, it is charged that the defendant did knowingly deposit for mailing a certain envelope, which said envelope, as defendant then and there well knew, contained therein the letter (describing it), which said letter advertised and described certain articles, instruments, etc. It has been held, although there seems to be authority to the contrary, that the words "did knowingly deposit," used in an indictment, having reference to a letter for mailing, in their ordinary acceptation qualify not only the act of de-

positing, but extend also to the imputation of knowledge of the nature of the letter deposited. United States v. Clark (C. C.) 37 Fed. 106, 107; United States v. Fulkerson (D. C.) 74 Fed. 619, 626; United States v. Purvis (D. C.) 195 Fed. 618.

But in the present case it is further alleged that defendant well knew that the envelope deposited contained a certain letter of a date specified, addressed to a named person and signed by a party designated, and further identified as the one which is set out in count 1. By all reasonable intendment, such indictment avers knowledge on the part of the defendant of the purpose of the letter contained in the envelope; that is to say, that it advertised and represented the articles and things in a way denounced by the statute. The objection, therefore, on the ground assigned, is not well taken.

The same objection is also taken to counts 5 and 9, and the same result must follow. The same result applies as well to count 13, which pertains to the deposit for mailing of a certain package containing certain articles which are described.

The motion to quash will therefore be allowed as to counts 2, 6, and 10, and denied as to the others.