UNITED STATES v. O'DONNELL.

(Circuit Court, S. D. New York. October 30, 1908.)

1. POST OFFICE (§ 50*) — OFFENSES AGAINST POSTAL LAWS—MAILING OBSCENE MATTER—INDICTMENT.

On a motion to quash an indictment under Rev. St. § 3893 (U. S. Comp. St. 1901, p. 2658), for mailing an obscene, lewd, or lascivious letter, it is the province of the court to determine whether the letter which is the basis of the charge comes within the scope of the statute.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 88; Dec. Dig. § 50.*]

2. POST OFFICE (§ 48*) — OFFENSES AGAINST POSTAL LAWS — INDICTMENT FOR MAILING OBSCENE MATTER.

An indictment under Rev. St. § 3893 (U. S. Comp. St. 1901, p. 2658), which makes nonmailable "every obscene, lewd, or lascivious book * * * letter, writing, print or other publication of an indecent character," which charges defendant with having mailed a letter containing "obscene, lewd

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and lascivious matter," is not broadened in scope by a further characterization of such matter as of an indecent character.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 70; Dec. Dig. § 48.*]

3. POST OFFICE (§ 31*) — OFFENSES AGAINST POSTAL LAWS — INDICTMENT FOR MAILING OBSCENE MATTER—"OBSCENE, LEWD OR LASCIVIOUS."

A letter *held* not to contain matter which was "obscene, lewd or lascivious" within the meaning of Rev. St. § 3893 (U. S. Comp. St. 1901, p. 2658), so as to render its mailing an indictable offense thereunder.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 50; Dec. Dig. § 31.*

For other definitions, see Words and Phrases, vol. 6, pp. 4887–4889; vol. 8, p. 7735.

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

On Motion to Quash Indictment.

Henry L. Stimson, U. S. Atty.

Marx, Houghton & Byrne, for defendant.

CHATFIELD, District Judge. The defendant sent through the mails a sealed letter, in which he called a third party many unpleasant, scurrilous, and even disgusting names, abused him, and applied various epithets which, if used face to face, would be likely to result in a breach of the peace, and which might have that effect when communicated by letter. The letter has not been set forth in full in the indictment, inasmuch as the District Attorney does not consider it proper to be spread upon the records, but on an inspection of the exhibit it is found to be in many respects similar to the letter forming the basis of the charge in the case of Swearingen v. United States, 161 U. S. 446, 16 Sup. Ct. 562, 40 L. Ed. 765. Likewise, the letter also resembles that in the Swearingen Case in that there are one or two allusions to unspeakable practices, which the writer of the letter gives as a reason for an alleged expulsion of the person to whom the letter was sent from the writer's house. But these matters would seem to be no more inclined to incite immorality relating to sexual impurity than the language in the Swearingen Case. On the contrary, such language would apparently repel even an abnormal mind.

The government has cited in support of the indictment Dunlop v. United States, 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799, in which a question of this sort was held to have been left to the jury, under a proper charge. The Supreme Court there sustained the verdict because the other portions of the charge in question showed beyond doubt the scope of the language to which exception was taken. From the entire charge, it was plain that the statute was applied only within the limits defined by the Swearingen Case.

The case of Konda v. United States (decided by the Circuit Court of Appeals in the Seventh Circuit, at the April, 1908, term) 166 Fed. 91, states the proposition that whether a particular letter is obscene, lewd, or lascivious is a matter to be left to a jury. But this case has not changed the rule that it is within the province of the court to de-

termine, first, whether the letter in question comes within the scope of the statute, as the statute, has been construed in the Swearingen Case. See, also, U. S. v. Martin (D. C.) 50 Fed. 921. If the court determines that the particular letter is within the limits of the subject-matter of the statute, there may still be a question of fact for the jury. But in the present case it does not seem that the letter produced as an exhibit could be considered within the statute as interpreted and established beyond argument by the Swearingen decision.

It is necessary, however, to refer to another question in connection with the present motion, which is suggested by the language of the statute and by the form of this particular indictment. The statute in question with respect to this point is as follows:

"Sec. 3893. Every obscene, lewd, or lascivious book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character, * * * whether sealed as first-class matter or not, are hereby declared to be non-mailable matter." U. S. Comp. St. 1901, p. 2658.

The indictment under discussion charges that the defendant unlawfully deposited for mailing, etc., "certain non-mailable matter, to wit, a sealed envelope then and there containing obscene, lewd, lascivious and indecent matter, that is to say, a letter," etc. The indictment subsequently charges that the letter contained "obscene, lewd and lascivious language of an indecent character, the said language being so obscene, filthy and indecent that to set forth the same in this indictment would be offensive to the court here, and would defile the records of the said court, and therefore the said language is withheld." In the Swearingen Case, supra, the report states that the indictment charged "that the newspaper article in question was obscene, lewd and lascivious." The Supreme Court, apparently, did not construe or attempt to consider the portion of the statute comprised in the words "or other publication of an indecent character." In the statute as printed, these words are set off by commas, but, even if not entirely disregarded, the punctuation furnishes no help to the interpretation. In drawing the present indictment the pleader has added the charge of "indecency" as an attribute of the "matter" said to be in the letter described, and later he says that the "obscene, lewd and lascivious language" is "of an indecent character." If the subject-matter of the indictment were charged to be a "publication of an indecent character," it would be necessary to consider whether the word "publication" could be held to include a sealed letter. This question was passed upon in the case of United States v. Chase, 135 U. S. 255, 10 Sup. Ct. 756, 34 L. Ed. 117, which was based upon the statute in its old form before the word "letter" was inserted. The court there held that the words of the old statute could not refer to a letter. If the words "of an indecent character" had been charged with reference to some one of the articles, "book, pamphlet, picture, paper, letter, writing, print, or other publication," and a distinction had been drawn in the indictment, or had been indicated therein, between matter "of an indecent character," as distinguished from matter that must be considered "obscene, lewd or lascivious," as those words were defined in the Swearingen Case, supra, then, again, we should be compelled

to hold that the scope of the statute was no broader than if these words (viz., "of an indecent character") had been omitted. But the present indictment first charges the four objectionable attributes in the conjunctive, and, when stating the matter again, the language is said to be "obscene, lewd and lascivious language of an indecent character." Under such an allegation, no distinction can be drawn between the present indictment and the one in the Swearingen Case.

In fact, it is probable that Congress, when it used the words "other publication of an indecent character," intended to add a broad and comprehensive term, which would include mail matter not described by the words "book, pamphlet, picture, paper, letter, writing and print," such, for instance, as a printed song or engraving. But even then the doctrine of "ejusdem generis" would probably prevent the giving of any broader construction to the words "of an indecent character" than has been held to have been intended by the words "obscene, lewd and lascivious." United States v. Bitty, 208 U. S. 402, 28 Sup. Ct. 396, 52 L. Ed. 543. But be that as it may, until the statute is amended, and although the words "obscene" and "indecent" are capable of having, and are stated by the dictionaries to have, a broader meaning than "lewd or lascivious," this cannot be held to affect the scope of the statute in question, so far as letters, at least, are concerned, inasmuch as the Supreme Court has limited all of these words by their interpretation in the conjunctive sense, and by the statement that they, "as used in the statute, signify that form of immorality which has relation to sexual impurity."

The motion to quash should be granted.