UNITED STATES v. BENEDICT.

(Circuit Court, S. D. New York. November 4, 1908.)

Post Office (§ 31*) — Offenses Against Postal Laws — Mailing Obscene Matter.

 A letter considered, and *held* to contain matter of such obscene, lewd, and lascivious character as to render its mailing an indictable offense under Rev. St. § 3893 (U. S. Comp. St. 1901, p. 2658).

 [Ed. Note. —For other cases, see Post Office, Dec. Dig. § 31.*

 Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

On Motion to Quash Indictment.

Henry L. Stimson, U. S. Atty.
Hugh Gordon Miller, for defendant.

CHATFIELD, District Judge. The present motion to quash the indictment is based upon the ruling of this court in another case (United States v. Charles O'Donnell, 165 Fed. 218), and upon the limitation of the scope of the words "obscene, lewd, or lascivious," in Act Sept. 26, 1888, c. 1039, § 2, 25 Stat. 496 (U. S. Comp. St. 1901,

---

p. 2658), as settled in the case of Swearingen v. U. S., 161 U. S. 446, 16 Sup. Ct. 562, 40 L. Ed. 765.

In the O'Donnell Case a letter almost like that in the Swearingen Case was held by this court to be outside of the statute under the tests laid down by the Supreme Court of the United States. The O'Donnell letter contained one word or epithet which had a lewd and lascivious meaning, but which, taken in connection with the whole letter, could not be said to be used in any way except as an indecent, vulgar, and filthy epithet, to throw disgrace upon the person addressed. It could not in any conceivable way be said to be likely to "suggest or convey lewd or lascivious thoughts" or immoral acts to any one. Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606. It was unspeakable and repulsive, but just as a person may in private call another person names which would be the basis of an arrest if shouted in the presence of others, or, in other words, just as abuse does not become disorderly conduct unless it tends to affect the public welfare and peace, so offensive, filthy, and vulgar language does not affect the use of the mails when conveyed by a sealed wrapper, unless the language will have or may have an immoral effect, in a sense relating to sexual impurity, upon those into whose hands the written language may come.

The use of indecent language, necessarily of itself defamatory and tending to reflect upon the person addressed, upon a postal card or upon the outside of a piece of mail, is a very different question, and is fully covered by the provisions of section 2 of the act of September 26, 1888 (25 Stat. 496).

But to return to the present letter, which is described by the grand jury as being too obscene, lewd, and lascivious to spread at length in the indictment, it is apparent from an inspection afforded under the bill of particulars, ordered under the authority of Rosen v. United States, supra, that the letter uses terms so frequently which so plainly relate to sexual impurity as to take the letter out of the category of those which are merely vulgar and filthy. The question of "obscenity, lewdness and lasciviousness," as defined by the Swearingen Case, would seem to be met at least to this court's satisfaction, to the extent of being within the scope of the law. At most, the question will be left to the jury under the authority of Rosen v. United States, supra, Dunlop v. United States, 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799, and Konda v. United States (C. C. A., 7th Circuit, April, 1908, term) 166 Fed. 91, and, if a verdict is rendered adverse to the defendant, an appeal will more satisfactorily draw the line for the future. A further decision or the amendment of the statute must be had before this court will be able to broaden the scope of the Swearingen Case beyond the decision in the O'Donnell Case above mentioned.

The motion to quash will be denied.