### UNITED STATES v. DEMPSEY.

(District Court, E. D. Arkansas N. D. May 26, 1911.)

#### No. 489.

1. POST OFFICE (§ 31*)—NONMAILABLE MATTER—STATUTES.

Pen. Code § 211 (U. S. Comp. St. Supp. 1909, p. 1453), prohibits the mailing of every obscene, lewd, or lascivious, and every filthy book, pamphlet, picture, paper, or other publication. *Held*, that such act was not limited to publications and writings relating to sexuality, but extended to other publications and communications which were within the definition of the term "filthy."

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*]

2. POST OFFICE (§ 50*)—NONMAILABLE MATTER—FILTHY PUBLICATION—QUESTION FOR JURY.

In a prosecution for mailing an alleged nonmailable letter, whether the letter was filthy, within the ordinary acceptance of that term as used in Pen. Code, § 211 (U. S. Comp. St. Supp. 1909, p. 1453), *held* for the jury.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 87–89; Dec. Dig. § 50.*

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

Marcus Dempsey was indicted for sending nonmailable matter through the mails, and demurs to the indictment. Demurrer overruled.

W. G. Whipple, U. S. Atty., and Powell Clayton, Asst. U. S. Atty. Lyman F. Reeder, for defendant.

TRIEBER, District Judge. The defendant, having been indicted for sending through the mails an obscene letter in violation of section 211 of the federal Penal Code (U. S. Comp. St. Supp. 1909, p. 1453), has demurred to the indictment upon the ground that the contents of the letter were not of the character prohibited by that section of the Penal Code. The letter was mailed in this district and addressed to a young lady in the state of Mississippi, and was as follows:

"Do it a little Club. I kiss and hug all the girls when they get initiated. Need no light in hall. President. Professional hand-holder. Nights only."

Assuming, without deciding, that the contents of the letter were not of that character which would make it nonmailable, in view of the construction of section 3893, R. S. (U. S. Comp. St. 1901, p. 2658), in Swearingen v. United States, 161 U. S. 446, 451, 16 Sup. Ct. 562, 40 L. Ed. 765, that would still not be conclusive of this case, as the Penal Code amends that statute very materially, by adding, after the words "every obscene, lewd, and lascivious," the words "and every filthy" book, pamphlet, picture, or letter.

[1] In the Swearingen Case the court held that the words "obscene," "lewd, and lascivious," as used in section 3893, R. S., "signify that form of immorality which has relation to sexual impurity, and has the same meaning as was given them at common law in prosecutions for obscene libel." If the intention of Congress had been to confine that statute to the offense as defined by the Supreme Court in that case, it would not have amended it by adding the words "and every filthy." This clearly demonstrates that in the opinion of Congress the use of the mails should be prohibited, not only to such letters, books, and pictures which are lewd and lascivious, but also to every filthy communication, book, or picture.

[2] It is next claimed that the contents of the letter, while objectionable, are not obscene or filthy, within the meaning of the law. The law, as it has been settled by numerous decisions, and especially by the Circuit Court of Appeals for the Eighth Circuit, is that, while in prosecutions under this statute there is a preliminary question for the court to determine whether the writing could by any reasonable judgment be held to come within the prohibition of the law, whenever the character of the matter mailed is of such a nature that reasonable minds might reach different conclusions, it is the duty of the court to submit the question to the jury. Knowles v. United States, 170 Fed. 409, 95 C. C. A. 579.

While the court will not express any opinion as to whether the language used in the letter is clearly within the prohibition of the act of Congress as amended by section 211 of the Penal Code, it does not feel justified to say that the language is such that reasonable minds might not reach different conclusions as to its character. That being the case, it is the duty of the court to submit the question to a jury to determine under proper instructions from the court whether the language is such as to make it within the prohibition of the act of Congress.

For these reasons the demurrer to the indictment is overruled.