TYOMIES PUB. CO. et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.  March 3, 1914.)

No. 2505.

1. CONSTITUTIONAL LAW (§ 197*)—EX POST FACTO LAWS—MAIL MATTER—REGULATION.

Pen. Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]) § 211, making it an offense to mail obscene and filthy matter, is not unconstitutional as an ex post facto law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 550; Dec. Dig. § 197.*]

2. CONSTITUTIONAL LAW (§ 90*)—LIBERTY OF THE PRESS.

Pen. Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]) § 211, prohibiting the mailing of obscene and filthy matter, is not in derogation of the constitutional right of freedom of the press.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 172; Dec. Dig. § 90.*]

3. POST OFFICE (§ 2*)—NONMAILABLE MATTER—STATUTES.

Pen. Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]) § 211, making it an offense to deposit in the mails obscene and filthy matter, is not invalid for failure to prescribe a standard by which the offense may be ascertained, nor as failing to restrict the offense to the deposit of matter in the United States mails.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 2; Dec. Dig. § 2.*]

4. POST OFFICE (§ 2*)—MAIL MATTER—REGULATION—STATUTES—VALIDITY.

Since the offense of depositing obscene and filthy matter in the mails, prohibited by Pen. Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]) § 211, is made a felony by section 335, section 211 is not objectionable for failure to provide that persons who shall deposit nonmailable matter are guilty of a felony or misdemeanor.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 2; Dec. Dig. § 2.*]

5. POST OFFICE (§ 48*)—NONMAILABLE MATTER—OBSCENE AND FILTHY MATTER—INDICTMENT.

In a prosecution for depositing in the mails certain lewd and filthy pictures in violation of Pen. Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]) § 211, the indictment was not objectionable because it did not refer to the entire publication of which the alleged nonmailable pictures were a part, since, as the statute makes it a crime to mail an obscene or filthy picture, it is only necessary that the jury should consider so much of the context as is essential to a proper understanding of what is claimed to be in violation of the statute.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

6. INDICTMENT AND INFORMATION (§ 196*)—DEFECTS—WAIVER.

An objection, to an indictment for depositing certain nonmailable pictures in the mails, that it did not expressly charge that defendants were aware of the character of the pictures, not having been specifically urged before verdict, was within Rev. St. § 1025 (U. S. Comp. St. 1901, p. 720), providing that proceedings on an indictment shall not be affected by reason of any defect or imperfection in matter of form only which shall not tend to defendant's prejudice.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 628–635; Dec. Dig. § 196.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

211 F.—25

7. INDICTMENT AND INFORMATION (§ 71*)—REQUISITES.

An indictment is only required to contain facts which constitute the offense. it charges with sufficient certainty to fairly inform defendant of the crime intended to be alleged, so as to make the judgment a complete defense to a second prosecution for the same offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 144, 174, 193, 194; Dec. Dig. § 71.*]

8. POST OFFICE (§ 49*)—NONMAILABLE MATTER—EVIDENCE.

In a prosecution for sending certain nonmailable pictures through the mails, evidence of certain words and dialogue appearing above and below the pictures, which was both identifying and characterizing, was admissible.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec. Dig. § 49.*

Post office, nonmailable matter, see note to Timmon v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

9. POST OFFICE (§ 49*)—NONMAILABLE MATTER—DEPOSIT IN MAILS—PROOF.

Where a corporation publishing a newspaper and its manager were indicted for sending certain nonmailable pictures through the mails, it was not necessary, in order to sustain a conviction of the manager, that the government prove that he personally deposited the papers containing the alleged nonmailable pictures in the mails; the jury being authorized to find such fact from all the circumstances, including proof that the pictures were printed in the paper of which he was business manager and the publication of which he superintended.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec. Dig. § 49.*]

10. CRIMINAL LAW (§ 829*)—TRIAL—INSTRUCTIONS—REQUEST TO CHARGE.

It is not error to refuse a request to charge sufficiently covered by the instructions given.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

11. POST OFFICE (§ 31*)—NONMAILABLE MATTER—"OBSCENE, LEWD, AND LASCIVIOUS."

The words "obscene, lewd, and lascivious," as used in Pen. Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]) § 211, prohibiting the sending of obscene, lewd, and lascivious matter through the mails, signify that form of immorality that has relation to sexual impurity.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*

For other definitions, see Words and Phrases, vol. 6, pp. 4887–4889; vol. 8, p. 7735.]

12 POST OFFICE (§ 50*)—NONMAILABLE MATTER—"FILTHY."

In a prosecution for sending obscene and filthy matter through the mails, the court properly defined the term "filthy" to mean nasty, dirty, vulgar, indecent, offensive to the moral sense, morally depraving, and debasing, and left the question whether the pictures in question were obscene, filthy, lewd, and lascivious to the jury.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 87–89; Dec. Dig. § 50.*]

In Error to the District Court of the United States for the Northern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

ᵃFor other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Tyomies·Publishing Company, John Nummivuori, and another were convicted of sending improper matter through the mails, in violation of Pen. Code, § 211, and they bring error.   Affirmed.

Nicholas Klein, of Cincinnati, Ohio, and W. A. Burritt, of Hancock, Mich. (J. I. Sheppard, of Ft. Scott, Kan. of counsel), for plaintiffs in error.

Fred C. Wetmore, U. S. Atty., of Grand Rapids, Mich., and E. J. Bowman, Asst. U. S. Atty., of Greenville, Mich.

Before KNAPPEN and DENISON, Circuit Judges, and DAY, District Judge.

DAY, District Judge.   The plaintiffs in error were convicted in the District Court of violations of section 211 of the Penal Code of the United States.   The indictment contained three counts, but on the trial the first count was withdrawn and the jury was instructed that as to plaintiff in error John Salminen only the third count of the indictment should be considered.

The indictment in count 2 charged that the Tyomies Publishing Company, a corporation, and John Nummivuori, business manager of the corporation, did on the 24th of April, 1912, at the city of Hancock, Mich., knowingly and unlawfully deposit and cause to be deposited in the post office at Hancock about 3,000 copies of a publication known as "Lapatossu," printed in the Finnish language, containing a certain obscene, lewd, filthy, and indecent picture, identified in the indictment.

In count 3 the indictment charged that the Tyomies Publishing Company, and John Nummivuori, business manager, and John Salminen, editor, on the 13th of December, 1912, at Hancock, Mich., knowingly and unlawfully deposited and caused to be deposited in the post office about 3,000 copies of said publication "Lapatossu," containing a certain obscene, lewd, filthy, and indecent picture, identified in the indictment.   Each of the pictures was identified by reference to the date of publication borne by the issue in which, and to the page thereof on which, the picture appears as well as by the dialogue connected therewith.

Pleas of not guilty were entered for each of the defendants; a motion to quash the indictment was overruled; and a motion to direct a verdict in favor of the defendants at the close of the government's testimony was overruled.   The defendants were found guilty by the jury and sentence imposed.   No exceptions were taken to the charge of the court, aside from the court's failure to charge certain requests submitted by the defendants.

It is urged that section 211 of the Penal Code is unconstitutional because it is an ex post facto law and because it abridges the freedom of the press.   Section 211 was not enacted after the commission of the offense charged in the present case, nor has the situation changed in any respect to the disadvantage of the accused.

[1] The section of the statute under consideration does not conform to the settled definition of an ex post facto law.   Duncan v. Missouri, 152 U. S. 382, 14 Sup. Ct. 570, 38 L. Ed. 485; Thompson v. Utah, 170

U. S. 351, 18 Sup. Ct. 620, 42 L. Ed. 1061; Kring v. Missouri, 107 U. S. 235, 2 Sup. Ct. 443, 27 L. Ed. 506.

[2] The statute is not in derogation of the constitutional rights and privileges of the defendants as publishers of a daily newspaper. The constitutional guaranty of a free press cannot be made a shield from violation· of criminal laws which are not designed to restrict the freedom of the press, but to protect society from acts clearly immoral or otherwise injurious to the people. Ex parte Jackson, 96 U. S. 727, 736, 24 L. Ed. 877; In re Rapier, 143 U. S. 110, 133, 134, 12 Sup. Ct. 374, 36 L. Ed. 93; Public Clearing House v. Coyne, 194 U. S. 497, 506, 24 Sup. Ct. 789, 48 L. Ed. 1092; Knowles v. United States, 170 Fed. 409, 411, 95 C. C. A. 579; United States v. Journal Co. (D. C.) 197 Fed. 415, 418.

It is urged that the statute does not prescribe a standard by which the crime can be ascertained.

[3] With the addition of certain elements which do not vary the test to be applied, section 211 of the Penal Code is essentially the same as section 3893 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 2658), concerning which Mr. Justice Harlan, in the case of Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606, said:

"The inquiry under the statute is whether the paper charged to have been obscene, lewd, and lascivious was in fact of that character; and if it was of that character, and was deposited in the mail by one who knew or had notice at the time of its contents, the offense is complete, although the defendant himself did not regard the paper as one that the statute forbade to be carried in the mails. Congress did not intend that the question as to the character of the paper should depend upon the opinion or belief of the person who, with knowledge or notice of its contents, assumed the responsibility of putting it in the mails of the United States. The evils that Congress sought to remedy would continue and increase in volume if the belief of the accused as to what was obscene, lewd, and lascivious was recognized as the test for determining whether the statute has been violated. Every one who uses the mails of the United States for carrying papers or publications must take notice of what, in this enlightened age, is meant by decency, purity, and chastity, in social life, and what must be deemed obscene, lewd, and lascivious."

The specific argument that the criminality of the act charged is made to depend, not upon a clear expression of the statute, but upon standards personal to the jurors unknown at the time the act was committed, is answered by what was said in Nash v. United States, 229 U. S. 373, 376, 377, 33 Sup. Ct. 780, 57 L. Ed. 1296.

It is urged that under section 211 the offense is not restricted to depositing in the United States mail, but makes it an offense to deposit nonmailable matter anywhere. It is plain that only the post office establishment of the United States was contemplated by Congress, and, as the post office establishment was found to have been employed by the defendants in this case under consideration, surely no objection can be raised by them to this wording of the statute.

[4] It is contended that the statute is insufficient because it does not say that the persons who shall deposit nonmailable matter for mailing are guilty of a felony or misdemeanor. The statute does impose punishment by fine or imprisonment or both; this punishment is clear-

ly meant to be imposed by the courts. The offense described by section 211 is made a felony by section 335 of the Penal Code of the United States. The nonmailable matter, whose depositing is made punishable, is that expressly defined in the section providing a punishment.

[5] It is urged that the indictment is faulty because it seeks to charge these defendants with the commission of a crime, without referring to the entire publication of which the alleged nonmailable pictures were only a portion; the language accompanying the pictures not being alleged to be obscene. The statute distinctly makes it a crime to mail a picture of a lewd, lascivious, obscene, or filthy character, and it was only necessary that the jury should consider so much of the context as was essential to a proper understanding of what was claimed to be in violation of the statute. United States v. Bennett, Fed. Cas. No. 14,571; Burton v. United States, 142 Fed. 57, 64, 73 C. C. A. 243.

[6] The indictment alleged that defendants knowingly deposited the publication in the mails but did not expressly charge that they were aware of the character of the alleged nonmailable pictures. While there was a motion to quash the indictment because not setting forth "facts constituting a public offense under the laws of the United States," the alleged defect in question was not specifically pointed out by defendants before verdict, and the defect, if it was one, should be regarded under the circumstances as one of form under section 1025 of the Revised Statutes (U. S. Comp. St. 1901, p. 720), providing that the proceedings on an indictment found by a grand jury in any District Court, or other court of the United States, shall not be affected "by reason of any defect or imperfection in matter of form only which shall not tend to the prejudice of the defendant." Rosen v. United States, supra; Price v. United States, 165 U. S. 311, 17 Sup. Ct. 366, 41 L. Ed. 727.

[7] It is essential to the validity of an indictment that it contain averments of the facts which constitute the offense it charges so certain and specific as fairly to inform the defendant of the crime intended to be alleged and as to make the judgment of conviction or acquittal thereon a complete defense to a second prosecution of the defendant for the same offense. United States v. Hess, 124 U. S. 483, 486, 487, 8 Sup. Ct. 571, 31 L. Ed. 516; Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667; Bennett v. United States (C. C. A. 6) 194 Fed. 630, 632, 114 C. C. A. 402; Hocking Valley R. R. Co. v. United States, 210 Fed. 735, decided by this court February 3, 1914. Judged by this standard, the indictment was sufficient.

[8] It is contended that the court erred in allowing the introduction in evidence by the government of certain words and dialogue appearing above and below the picture referred to in the third count of the indictment. This dialogue, together with the translation of the same, was offered in evidence for the purpose of identifying the picture; and it was not only identifying, it was characterizing as well; and it was receivable in evidence in order that the jury could fully understand the nature of this picture complained of.

[9] It is urged that the evidence did not show that John Nummi-

vuori deposited or caused to be deposited in the post office the papers containing the alleged nonmailable pictures. There was considerable evidence introduced tending to show that Nummivuori did deposit or cause the objectionable pictures to be deposited in the post office, and this issue was finally submitted to the jury under a proper charge. It was not necessary that there be express testimony that Nummivuori personally examined the pictures in question. The jury might properly find from all of the circumstances that he had knowledge or notice that these pictures appeared and were printed in the paper of which he was business manager, and the publication of which he superintended. Burton v. United States, 142 Fed. 57, 73 C. C. A. 243; Rosen v. United States, supra; Dunlop v. United States, 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799.

[10] We think the requested instructions that defendant Nummivuori could not be convicted without proof beyond a reasonable doubt, both that he deposited (or caused to be deposited) in the post office for mailing and delivery, and had knowledge of the contents of, the alleged nonmailable matter were sufficiently covered by the charge given.

It is contended that the court erred in refusing to charge the jury that the Tyomies Publishing Company and John Nummivuori should be acquitted because the alleged nonmailable picture referred to in the second count of the indictment was mailable. Section 3893 of the Revised Statutes did not contain the words "and every filthy," which were inserted at the time of the enactment of the Penal Code in 1909. It was plainly the purpose of Congress, in adding these words, to enlarge the scope of the statute so as to cover a class of publications that were not included in the old section. United States v. Dempsey (D. C.) 188 Fed. 450.

The trial judge submitted the issue, as to whether or not this picture was filthy, to the jury, saying:

"By the term 'filthy' is meant what it commonly or ordinarily signifies; that which is nasty, dirty, vulgar, indecent, offensive to the moral sense, morally depraving and debasing."

We consider that this question was properly submitted to the jury.

[11] It is contended that the picture described and referred to in the third count of the indictment was mailable and that the defendants should be acquitted on this count. The words "obscene, lewd, and lascivious," as used in the statute, signify that form of immorality which has relation to sexual impurity. Swearingen v. United States, 161 U. S. 446, 16 Sup. Ct. 562, 40 L. Ed. 765; United States v. O'Donnell (C. C.) 165 Fed. 218; United States v. Benedict (C. C.) 165 Fed. 221; Konda v. United States, 166 Fed. 91, 92 C. C. A. 75, 22 L. R. A. (N. S.) 304.

[12] The question as to whether the matter is obscene, filthy, lewd, and lascivious, as defined by the trial judge, was properly submitted to the jury. Konda v. United States, supra; Knowles v. United States, 170 Fed. 410, 95 C. C. A. 579; Rosen v. United States, supra; United States v. Davis (C. C.) 38 Fed. 326; United States v. Harmon (D. C.) 45 Fed. 418.

No error appears in the record which was prejudicial to the defendants, and, being of the opinion that they were fairly tried, the convictions will be affirmed.