## EMMICH v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 15, 1924.)

### No. 3933.

1. Internal revenue ☞47—Indictment held sufficient to show defendant a person required to file income tax return.

Indictment charging defendant with making false income tax return *held* sufficient to show that defendant was one of the persons required to file a return, under Revenue Act 1921, § 253 (Comp. St. Ann. Supp. 1923, § 6336⅛v), notwithstanding failure to describe defendant as an individual.

2. Internal revenue ☞47—Indictment charging making of false return held sufficient to charge defendant with being person subject to tax.

Indictment charging defendant with making a false income tax return *held* sufficient to charge him with being one of the persons subject to the tax, under Revenue Act 1921, § 262 (Comp. St. Ann. Supp. 1923, § 6336⅛zz), and Treasury Department Regulations 1921, No. 62, art. 3; it appearing therefrom that defendant was not within the excepted classes.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Internal revenue ☞47—Evidence as to failure to file tax return for preceding year held admissible in prosecution for making false return.**

In prosecution for making a false income tax return, evidence of defendant's failure to file a tax return for preceding year, and evidence of his occupation, income, and expenditures during such year, *held* admissible to prove that his intent was to defraud the government.

4. **Criminal law ☞371 (1, 12)—Rule as to admissibility of evidence as to other crime stated.**

Evidence of other and distinct offenses is inadmissible; but if intent or motive be one of the elements of the crime charged, evidence of other like conduct by defendant, at or near the time charged, is admissible.

5. **Internal revenue ☞47—Evidence as to return admissible in prosecution for making false income tax return for subsequent year.**

In prosecution for making false income tax return for 1921, evidence as to return of his net income for 1920, filed in 1922, *held* admissible to show his knowledge in 1920 that he had a taxable net income; the weight of such evidence being for the jury.

6. **Internal revenue ☞47—Amended return held admissible in prosecution for making false return.**

In prosecution for making a false income tax return, an amended return *held* admissible in corroboration of defendant's admission of liability to the government, in view of evidence that defendant did not dispute his liability to the government, and that the sum agreed on was in adjustment of an admitted liability, rather than in compromise of a liability that was denied.

7. **Internal revenue ☞47—Defendant could be convicted of making false return, though not made under oath.**

A defendant could be convicted of making a false income tax return, though the return was not made under oath, as required by Revenue Act 1921, § 223 (Comp. St. Ann. Supp. 1923, § 6336⅛kk).

8. **Criminal law ☞434—Permitting jury to look at entries in defendant's bank book, held not error.**

In prosecution for making false income tax return, action of court in permitting jury to look at entries in defendant's bank book *held* not error, where jury's consideration of entries was confined by the court to those entries which were competent.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; John W. Peck, Judge.

Clifford C. Emmich was convicted of making a false income tax return, and he brings error. Affirmed.

Charles F. Dolle, of Cincinnati, Ohio, for plaintiff in error.

Harry A. Abrams, Asst. U. S. Atty., of Cincinnati, Ohio (Benson W. Hough, U. S. Atty., of Columbus, Ohio, and Haveth E. Mau, Asst. U. S. Atty., of Cincinnati, Ohio, on the brief), for the United States.

Before DENISON and DONAHUE, Circuit Judges, and SIMONS, District Judge.

SIMONS, District Judge. On October 9, 1922, the grand jury of the United States District Court for the Southern District of Ohio, Western Division, returned and filed an indictment against the plaintiff in error, hereinafter referred to as the defendant, the first count of which charged the said defendant with knowingly and willfully failing to make a return for the year 1920 to the collector of internal revenue for the First internal revenue district of Ohio, Department of the Treas-

ury of the United States, of his income for the year 1920, and containing a second count charging him with knowingly, willfully, and feloniously attempting to defeat and evade the tax imposed by the Revenue Act of 1921 (42 Stat. 227), by making a return for the year 1921 to the collector, stating that he was the recipient of a net income of $3,640 in the year 1921, whereas in truth and in fact his income was far in excess of that amount. For the purpose of trial the cause was consolidated with another cause against the same defendant, wherein an indictment was returned and filed by the grand jury of the said court charging the defendant with perjury for having willfully made a false oath to his income tax return for the year 1921. The first count of the indictment in the first cause was quashed by the trial court, and the consolidated cause went to trial on the second count of the first indictment and on the perjury charge in the second cause.

At the trial it developed that the defendant, who resides in Cincinnati, Ohio, had made no income tax return for the year 1920, but had made a return for the year 1921 of an income of $3,640 for that year; that during July, 1922, he was investigated by agents of the Commissioner of Internal Revenue, who found that defendant had a number of large bank accounts in his name, and sent for him to explain his failure to file any income tax return for the year 1920, and to explain his income tax return for 1921. Defendant at first denied having any bank accounts, and when confronted with one bank account, after admitting it was his, denied he had any other. Defendant subsequently admitted a second bank account when confronted with it, and there was some evidence as to a third bank account. The defendant was at first evasive about the character of his business, but finally admitted during the investigation that his income was derived from gambling of various sorts, including playing poker, shooting craps, and betting on the races. The defendant kept no records or books of account, and hired a former chief deputy of the collector to assist him in making his return for the year 1921. He was advised that he might file a tentative return and correct it subsequently. The 1921 return so filed was not marked as a tentative return, no permission was obtained from the collector to file a tentative return, and there is some conflict in the evidence as to whether the 1921 return was sworn to or not. As a result of the investigation made of the defendant he was arrested and arraigned before the United States commissioner, charged with violating the Income Tax Act, and thereafter in settlement of his civil liability to the government he paid a tax for the year 1920 upon an income of $5,500, together with interest and penalties, and a tax for 1921 upon a net income of $12,000 for that year. Although as provided in article 1011, Treasury Regulations 1918 and 1921, he had a right to offer to compromise his criminal liability, and did offer to do so, his offer was not accepted by the government. The defendant was found not guilty on the charge of perjury, but was convicted under the count of the first indictment charging him with making a false return for the year 1921.

[1] The count in the indictment upon which he was convicted is challenged as wanting in sufficient definiteness and certainty, and also for the reason that the defendant was not charged with being one of

the persons who by section 253 of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛v) were required to file a return. The statute recognizes three classes of persons: Individuals, partnerships, and corporations. The indictment refers to Clifford C. Emmich, without describing Emmich specifically as an individual. We do not think the indictment is bad by reason of the omission. It is apparent from its language that he was complained against as an individual. The indictment refers to *"his* income," that *"he* was the recipient of a net income," and to *"his* return," and to *"his* arrest."

[2] Of the same nature is the objection that the indictment does not charge the defendant with being one of the persons subject to the tax. Article 3, regulation No. 62 of the Treasury Department, 1921, p. 20, provides that the tax is assessable against "citizens of the United States, except those entitled to the benefits of section 262 (Comp. St. Ann. Supp. 1923, § 6336⅛zz) wherever resident," and that "every nonresident alien individually is liable to the tax on his income from sources within the United States." It is perhaps sufficiently clear from the wording of the indictment that the defendant does not come within one of the excepted classes. He is described as Clifford M. Emmich, in the city of Cincinnati, county of Hamilton, state of Ohio, and within the Western division of the Southern judicial district of Ohio, and within the jurisdiction of the District Court therein, and as having made a return for the year 1921 to the collector of internal revenue at Cincinnati, Ohio, and as having stated in such return that he was the recipient of a net income of $3,640 in the year 1921, and he is further charged with failure to file an amended and true return of his income prior to the time of his arrest for the offense charged in the indictment, and it is further charged that such amended and corrected income tax return should have been made by the 15th of March, 1922.

It would seem to be clear that the defendant was charged with being the recipient of an income, a resident, and a person subject to the tax. It is a well-settled rule of law, moreover, applicable to such statutes as this, where there are excepted classes, that it is enough to charge facts sufficient to show that the accused is not within the exception. U. S. v. Cook, 17 Wall. 168, 173, 21 L. Ed. 538; Wallace v. U. S., 243 Fed. at page 304, 156 C. C. A. 80; Foster's Federal Practice, vol. 3, p. 2642, par. 497B; U. S. v. Behrman, 258 U. S. 280, 42 Sup. Ct. 303, 66 L. Ed. 619; State v. Kendig, 133 Iowa, 164, 110 N. W. 463. The test of the sufficiency of an indictment is clearly set forth by Justice Day in the recent case of U. S. v. Behrman, supra:

"It is enough to sustain an indictment that the offense be described with sufficient clearness to show a violation of law, and to enable the accused to know the nature and cause of the accusation and to plead the judgment, if one be rendered, in bar of further prosecution for the same offense."

The indictment in this case clearly satisfies the above-defined tests of its sufficiency. The evolution of criminal pleading is illuminated in the opening sentence of the dissenting opinion in the Behrman Case, supra, of Justice Holmes:

"If this case raised a question of pleading I should go far in agreeing to disregard technicalities that were deemed vital 100 or perhaps even 50 years ago."

We think the court below was correct in denying the motion to quash the second count in the indictment and in overruling the demurrer thereto. See Bettman v. U. S. (C. C. A. 6) 224 Fed. 819, 826, 140 C. C. A. 265; Grant v. U. S. (C. C. A. 6) 268 Fed. 443, 445; Newton Tea Co. v. U. S. (C. C. A. 6) 288 Fed. 478; Tyomies Publishing Co. v. U. S. (C. C. A. 6) 211 Fed. 389, 128 C. C. A. 47.

[3, 4] It is claimed the trial court erred in admitting evidence of the failure of defendant to file a tax return for 1920, and evidence of his occupation, income, and expenditures during that year. The second count in the indictment, on which the defendant was convicted, charges him with "knowingly, willfully, and feloniously attempting to defeat and evade the tax imposed by the Revenue Act of 1921," by knowingly, willfully, and feloniously making a return of income far less than the amount of which he was actually the recipient. It is undoubtedly the rule that, in a trial for one offense, evidence of other and distinct offenses is inadmissible, subject, however, to this exception: That, if intent or motive be one of the elements of the crime charged, evidence of other like conduct by the defendant at or near the time charged is admissible. Both rule and exception have been so frequently stated that it is not thought necessary to cite authority, further than to call attention to the case of Shea v. United States, 236 Fed. 97, 149 C. C. A. 307, decided by this court, and Harris v United States (C. C. A.) 273 Fed. 785, wherein some of the more recent cases are cited.

It is not controverted that motive or intent is one of the essential elements of the offense charged in this case; but it is urged that the evidence referred to falls within the rule, and not within the exception, in that the offense of failing to make a return is not a like offense to that of making a false return. The argument is not persuasive. The real character of the offense lies, not in the failure to file a return, or in the filing of a false return, but rather in the attempt to defraud the government by evading the tax. The technique may differ, but the opus is the same. The court clearly limited the purpose for which the evidence might be considered, and we fail to find error in its admission for the reason assigned.

[5] Nor are we impressed by the contention that the admission of the return of net income for 1920, filed in 1922, is not competent to show that defendant had knowledge in 1920 of the fact that he had a taxable net income for that year. The defendant had two active bank accounts showing deposits in excess of $12,000 during 1920, but when the investigation was made he at first denied having any bank account. His return for that year, filed in 1922, was made out by his counsel, sworn to by him, and filed as his income tax return for 1920, showing taxable net income for that year. Taken together, these facts present circumstances from which knowledge may be imputed. It is for the jury, and not for the court, to determine what weight should be given to the evidence.

[6] It was urged in the brief of the defendant, and vigorously argued by counsel, that the court erred in admitting into evidence what purported to be a copy of the defendant's income tax return filed in 1922 as his amended return for 1921 on the ground that this return

was made to the Department of Internal Revenue in compromise of the claim then being asserted against the defendant by the government. A careful consideration of the evidence does not disclose that the defendant at any time disputed his liability to the government for some sum in excess of the liability disclosed by his original return for 1921. The evidence indicates a sum agreed upon in adjustment of an admitted liability, rather than in compromise of a liability that was denied. All of the discussion between the defendant and his counsel, on the one hand, and the revenue officers, on the other, indicates a concession on the part of the defendant that there was substantially $12,000 of his 1921 income subject to tax.

The government's claim was that the liability was somewhat in excess of this, but adjustment was made on the basis of $12,000 upon the importunity of defendant's counsel. Defendant filed an amended return under oath, showing taxable income in that amount. It is difficult to reconcile this return with any other thought than that it was in corroboration of defendant's admission of substantial liability to the government, rather than intended as an offer of compromise of a disputed claim. We find no error in the admission of the exhibit in evidence.

[7] The defendant contends, also, that his original return filed for the year 1921 should not have been received in evidence, because there was not sufficient proof of its execution and filing with the collector. Section 223 of the act (Comp. St. Ann. Supp. 1923, § 6336⅛kk) provides that the return must be made under oath, and the contention is made that a return not made under oath is no return at all, and therefore is not in violation of that portion of the act which prohibits the filing of a false return.

In the first place there is some testimony in the record which would indicate, if believed, that the return was sworn to, and, as has already been explained, it is the province of the jury to determine what weight should be given to the evidence. Secondly, we are not impressed with the limited construction that is attempted to be given to the statute, a construction that would make a false return under oath a violation of law, and a false return from which the oath by inadvertence or design has been omitted free of offense against the law. The original 1921 return of the defendant, whether sworn to or not, was filed by him as his return, and intended to be received as such by the collector, and if made falsely, and with knowledge of its falseness, was intended to deceive the collector, and to deceive and defraud the government. We believe it was properly admitted in evidence, and that the court was not in error in charging the jury that the oath was not the vital question in determining the guilt or innocence of the defendant.

[8] There are assignments of error relating to incompetent written evidence permitted to go to the jury as part of other documentary evidence submitted by the court. The jury was permitted to look at the entries in defendant's bank book, which contained records of deposits, made not only in 1920 and 1921, but subsequently. The record, however, shows that the consideration by the jury of the entries in the bank book was confined by the court to those entries which were com-

petent, and we find no prejudicial error in the submission of the exhibit to the jury.

We see no substantial merit in the other assignments of error, and the judgment and sentence of the court below are affirmed.