## TRESCA v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 10, 1924.)

No. 62.

**Post office ⬅49—In prosecuting of publisher of paper, jury could properly find he was chargeable with notice that it contained nonmailable matter.**

In a prosecution, under Criminal Code, § 211 (Comp. St. § 10381), for the mailing of a nonmailable advertisement printed in a small newspaper of which defendant was owner, editor, and manager, and which was sent through the mails, the jury could properly find from such facts that defendant had knowledge or notice that the newspaper contained the advertisement, and that he caused it to be deposited in the mails, even though it was not mailed by him in person.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Carlo Tresca. Judgment of conviction, and defendant brings error. Affirmed.

Griffiths & Content, of New York City (Harold A. Content and Clarence V. Opper, both of New York City, of counsel), for plaintiff in error.

William S. Hayward, U. S. Atty., of New York City (Maxwell S. Mattuck, of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The indictment charged the plaintiff in error in eight counts with violation of section 211 of the Criminal Code (Comp. St. § 10381). Seven counts charged mailing and causing to be mailed various obscene books to different persons. In the eighth count there is charged the mailing of a newspaper containing an advertisement giving information as to birth control. There was an acquittal on the first seven counts, and conviction on the eighth. This count charged that he "unlawfully, willfully, and knowingly did deposit and cause to be deposited in the post office establishment of the United States * * * certain nonmailable matter, that is to say, a certain book and pamphlet giving information as to how and by what means conception may be prevented," and this advertisment was contained in a certain newspaper, to wit, "Il Martello," an issue dated September 8, 1923. The advertisement is set forth, and is in the Italian language, and relates to a book and pamphlet entitled, "The Art of How Not to Create Children." The indictment alleges that the plaintiff in error at the time and place deposited or caused to be deposited in the post office, the aforesaid advertisement and notice, well knowing the contents thereof.

The evidence was sufficient to justify the jury in finding that the plaintiff in error was the sole owner of the newspaper, its editor, and business manager; that the business was directly under his supervision. Further, it was sufficiently established that a book store was run in connection with the newspaper, which was housed in the same room and same building as was the newspaper. This was also the office and place of business of the plaintiff in error. The advertisement directed that orders for the book be sent to Box 92, Station D, which was the plaintiff in error's box. An envelope bearing the address of the book store and Box 92, Station D, contained a letter to the plaintiff in error ordering the book advertised, and such a book was actually mailed to the person described in the letter, who had ordered it. This particular

publication was during the vacation time of August and September, and while the plaintiff in error was at his summer residence on Staten Island. He came to his office in Manhattan a day or two a week for business purposes. He said that he had nothing to do with the appearance of the advertisement in the newspaper while he was away and that it might have appeared, even if he were in the city. It also appears that there was a similar advertisement of June 9, 1923, and he admitted that his attention had been called on other occasions to the fact that his newspaper contained nonmailable matter. The newspaper in question was a weekly of four pages, with a small circulation, and had second class mailing privilege.

These facts were sufficient to submit to the jury the questions of whether or not the plaintiff in error had knowledge that the newspaper contained the advertisement and was sent through the mails, even though the last act was not performed by him in person. In Dunlop v. U. S., 165 U. S. 486, 17 S. Ct. 375, 41 L. Ed. 799, a newspaper of which the defendant was proprietor sent copies of printing matter which was objectionable to this section of the Criminal Code. It appeared that he had talked with the post office inspector repeatedly about the paper, of which he admitted himself to be the responsible head, and was told by the inspector that complaints had been made as to the newspaper, about its character of advertisement, which he said was improper and illegal. The defendant replied that he scarcely ever saw the advertisements until after they were published, that he had left instructions to his agent to scrutinize them with care, and that all of the newspapers had carried such advertisements in times past, until they became wealthy, and then complained about others that did the same thing. The court said that "he did not deny a general knowledge of the contents of his paper, and it was scarcely possible that he could have been the responsible head of the establishment for a number of years, as the testimony tended to show, without personal knowledge of the character of the advertisements."

It was not necessary that the plaintiff in error examine the advertisement in question. The jury could properly find that, from all of the circumstances, he had knowledge or notice that the advertisement appeared and was printed in the paper of which he was business manager and the publication of which he superintended.

Tyomies Publishing Co. v. United States, 211 F. 385, 128 C. C. A. 47. In Demolli v. United States, 144 F. 363, 75 C. C. A. 365, 6 L. R. A. (N. S.) 424, 7 Ann. Cas. 121, where a similar question was involved, Van Devanter, J., put the test as follows: "Was there any substantial evidence that the objectionable matter was, by the defendant, knowingly deposited, or caused to be deposited, in the post office for mailing or delivering?" and said: "While there was evidence that the defendant had personally participated in mailing prior issues of the newspaper, it is practically, and we think correctly, conceded by counsel for the government that there was really no evidence that he personally participated in mailing the two issues named, or expressly directed or requested that they be mailed." Then the court adjudged the defendant guilty under the facts and said: "We think what has been recited constitutes substantial and persuasive evidence that the defendant knowingly caused the objectionable matter to be put in the mail. By this it is not meant that there was any evidence that he was responsible for the mailing of the newspapers, as such, or for the mailing of anything more than the objectionable articles published by his direction. It is not essential to the commission of the offense prescribed by the statute that the entire contents of the newspaper, or other parcel, deposited in the mail, be objectionable in character, or that the offender's responsibility for its being put in the mail extend to its entire contents. Nor is it essential to the commission of the offense that the objectionable matter be deposited in the mail by the offender himself, or by another acting under his express direction, because he is equally responsible if it is deposited therein as a natural and probable consequence of an act intentionally done by him, with knowledge at the time that such will be its natural and probable effect."

In Burton v. United States, 142 F. 57, 73 C. C. A. 243, it was held that a jury might properly find that where one partner deposits a nonmailable circular in the mail by the authorization of another, or with his knowledge and acquiescence, the latter causes the circular to be so deposited within the meaning of this section. The inquiry is whether the advertisement was in fact of that character as is condemned by this section, and, if it was of that character, was it deposited in the mail by one who knew or had notice at the time of its contents, although the defendant did not regard the pa-

per as one that the statute forbade to be carried in the mails? Rosen, v. United States, 161 U. S. 42, 16 S. Ct. 434, 40 L. Ed. 606. Here the jury could have found from the evidence that the plaintiff in error knew of the existence of the advertisement and the character of the book advertised. The indictment sets forth the advertisement, and while it does not give the prohibited information, it does refer to a book, the title of which is "The Art of How Not to Create Children," which from its title indicates its nature and its contents to be of the prohibited class. The offense under the statute consists in giving the forbidden information directly or indirectly. The advertisement advertises a book and this indirectly gives information offensive to the statute.

The court charged the jury that it was necessary to find that the plaintiff in error caused the insertion of the advertisement, or knew of it before he could be found guilty. This became the law of the case. No one could have known of the advertisement or notice without knowing also that the information which it contained was forbidden to be sent through the mails in view of the statute.

No request was made to instruct the jury that it was necessary to show that the defendant knew that the character of the book advertised was an essential element of the offense. All of the circumstances surrounding the case admit of a reasonable assumption that the defendant knew of the book and its contents and the purpose of the advertisement to sell the book. We have examined the other errors assigned, and find nothing that amounts to an error which requires a reversal of the judgment of conviction.

Judgment affirmed.