UNITED STATES *v.* COOK *et al.*[1]

*(District Court, S. D. California.* October 15, 1888.)

PUBLIC LANDS—OFFENSES—FENCING—INDICTMENT.
An indictment for fencing public lands in violation of 23 St. U. S. p. 322, § 3, need not allege that defendant had not gone upon, improved, or occupied said lands under the land laws of the United States, claiming title thereto, in good faith, that being a matter of defense.

Indictment for Fencing Public Lands.
*The District Attorney,* for the United States.
*Stephen M. White,* for defendants.

Ross, J. In his brief filed in this case the district attorney concedes that, if it is necessary that the indictment should negative the proviso

[1] *Contra,* see U. S. v. Felderwald, 36 Fed. Rep. 490.

contained in the section of the statute upon which it is founded, the demurrer of the defendants should be sustained, inasmuch as the averments in that behalf are insufficient; but he insists that such negation is not necessary, and that therefore the averments respecting that matter should be disregarded as surplusage, and the demurrer be accordingly overruled. The indictment is based upon section 3 of the act entitled "An act to prevent unlawful occupancy of the public lands," (23 St. U. S. 322,) and reads as follows:

"That no person, by force, threats, intimidation, or by any fencing or inclosing, or any other unlawful means, shall prevent or obstruct, or shall combine or confederate with others to prevent or obstruct, any person from peaceably entering upon or establishing a settlement or residence on any tract of public land subject to settlement or entry under the public land laws of the United States, or shall prevent or obstruct free passage or transit over or through the public lands: provided, this section shall not be held to affect the right or title of persons who have gone upon, improved, or occupied said lands under the land laws of the United States, claiming title thereto, in good faith."

The real question is whether the proviso is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts which constitute it. If it is, it is necessary that the indictment should negative the proviso; otherwise the latter is matter of defense to be shown by the defendant. *U. S. v. Cook,* 17 Wall. 168. Looking at the statute it is seen that the section to which the proviso is appended defines the acts which constitute the offense, and defines them completely, without any reference to the proviso, or to any matter contained in it. There is nothing in the proviso that enters into the offense condemned, but its sole office is to exempt from the operation of the section those persons who have gone upon, improved, or occupied such public lands under the land laws of the United States, claiming title thereto, in good faith. That that is a matter to be shown in defense seems to me to be clear. If the defendant comes within the exemption it is an easy matter for him to show it; whereas if the prosecution should be required to allege, and consequently to prove, that defendant did not go upon, improve, or occupy the land under the land laws, claiming title thereto, in good faith, it would be casting upon the government the burden of proving a difficult negative, and I think the statute was wisely so framed as to leave it to the defendant, if he falls within the exemption, to show the fact. As the averments in respect to the matter referred to were unnecessary, they may be disregarded as surplusage. It is not claimed that the indictment contains any other defects. Demurrer overruled.