YOUNG v. UNITED STATES. O'SULLIVAN v. SAME.

LA CHAPELLE v. SAME.

(Circuit Court of Appeals, Sixth Circuit. April 2, 1918.)

Nos. 3134, 3135, 3137.

1. INDICTMENT AND INFORMATION ⬅111(1)—EXCEPTIONS—NECESSITY OF NEGATIVING.

An indictment charging the unlawful selling of intoxicating liquor to soldiers in uniform, in violation of Act May 18, 1917, c. 15, § 12, 40 Stat. 76, declaring that it shall be unlawful to sell any intoxicating liquor to any officer or member of the military forces while in uniform, except as herein provided, is sufficient, though it did not negative the exceptions which the Secretary of War is authorized to prescribe as to the sale of liquor at any military station, etc., for medicinal purposes; it appearing that the sales were made outside of any military reservation over which the Secretary of War has jurisdiction, and it not being shown that any exceptions had been prescribed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CRIMINAL LAW ⬙➛556—EVIDENCE—CONCLUSIVENESS ON PARTY INTRODUC-
ING—DATE OF OFFENSE.

In a prosecution for the sale of liquor to soldiers in uniform, where the government's evidence showed a sale on a date other than that laid in the indictment, it was proper to submit to the jury the question whether a sale occurred on the date testified to or on some other day; the jury considering the testimony as to the date on question of the witnesses' credibility.

3. CRIMINAL LAW ⬙➛1166(9)—REVIEW—HARMLESS ERROR.

Where defendant was convicted on other counts as well, and such conviction would in any event sustain the sentence imposed, the denial of a continuance to obtain testimony germane to only one of the counts, though improper, is no ground for reversal.

In Error to the District Court of the United States for the Northern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

Harry Young, Cornelius O'Sullivan, and Charles La Chapelle were severally convicted of selling liquor to soldiers in uniform, in violation of Act May 18, 1917, c. 15, § 12, and each defendant brings error; the cases being heard together. Affirmed.

M. M. Larmonth, of Sault Ste. Marie, Mich., for plaintiffs in error Young and O'Sullivan.

Herbert L. Parsille, of Sault Ste. Marie, Mich., for plaintiff in error La Chapelle.

Myron H. Walker, U. S. Atty., and H. Dale Souter, Asst. U. S. Atty., of Grand Rapids, Mich.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. These are three several convictions for selling liquor to soldiers in uniform. Violation of section 12 of the Act of May 18, 1917, which is quoted in the margin,[1] is charged. They present two questions which are common to all, and in one case there is another question. They may be considered together.

[1] "The President of the United States, as commander-in-chief of the army, is authorized to make such regulations governing the prohibition of alcoholic liquors in or near military camps and to the officers and enlisted men of the army as he may from time to time deem necessary or advisable: Provided, that no person, corporation, partnership, or association shall sell, supply, or have in his or its possession any intoxicating or spirituous liquors at any military station, cantonment, camp, fort, post, officers' or enlisted men's club, which is being used at the time for military purposes under this act, but the Secretary of War may make regulations permitting the sale and use of intoxicating liquors for medicinal purposes. It shall be unlawful to sell any intoxicating liquor, including beer, ale, or wine, to any officer or member of the military forces while in uniform, except as herein provided. Any person, corporation, partnership, or association violating the provisions of this section or the regulations made thereunder shall, unless otherwise punishable under the Articles of War, be deemed guilty of a misdemeanor and be punished by a fine of not more than $1,000 or imprisonment for not more than twelve months, or both."

⬙➛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] 1. The prohibitory clause of the statute, upon which the prosecution is based, contains an exception. It says:

"It shall be unlawful to sell any intoxicating liquor, including beer, ale or wine, to any officer or member of the military forces while in uniform, except as herein provided."

The indictment does not negative the exception, and so it is claimed to be insufficient under the rule recognized and discussed in our recent opinion in Breitmayer v. U. S., 249 Fed. 929 (filed March 5, 1918). We pass by any question dependent upon the precise location of the exception in the sentence, and, for present purposes, assume that the same rule must be applied as if this clause read:

"It shall be unlawful, except as herein provided, to sell, etc."

In spite of this assumption, we think the indictment good. The clause, "except as herein provided," has nothing to which it can refer, unless it be the regulations to be made by the Secretary of War permitting sales for medicinal purposes; and when we see that this is the nature of the exception, we find two satisfactory answers to the claim that the indictment is insufficient for lack of a negative averment. One is that the statute does not declare any exceptions, but only recognizes that in a certain contingency exceptions may come into existence—exceptions in nubibus; the other is, that there can be no exception unless the sale under attack was made within one of the described military establishments. Both of these merge into the one thought that this statute contemplates only certain peculiar exceptions which have no relation whatever to the crime here charged, and which do not really constitute exceptions thereto unless some contingently possible additional facts exist, which additional facts are not alleged in this indictment and are not indicated by the proof. There is nothing to show that the Secretary of War ever made any such regulations; and, if he had, they would be of no importance in this case because it appeared upon the trial without dispute that the sales complained of were made in an ordinary saloon, outside the limits of any institution for which the Secretary of War had power to make regulations. We do not find any principle in criminal pleading or any authoritative decision which requires an indictment to negative such a contingent and unattached exception; and we think it unnecessary.

[2] 2. The indictments, in each instance, alleged (e. g.) that the sale was made "heretofore, to wit, on or about the 17th day of August." The government's proof, if true, established a sale on August 16th. Defendants' testimony tended to establish an alibi for August 17th, and utterly denied any sale on the 16th. Under these conditions, defendants asked the court to charge that while the government was not bound by the dates alleged in the indictment, it was bound by its date as shown by its proof, and that if no sale was made on the only day to which the government's proof related, defendants must be acquitted. The court refused this request and charged:

"The exact date is not material. * * * It is not necessary that you should find that a sale was made on the precise date alleged, if you find in fact that about that date and about that time a sale was made as charged

in the indictment. * * * As I said before, the precise date is not very material. The date testified to should be considered by you carefully as bearing on the credibility of the witnesses, as bearing upon the question whether or not on that occasion described by the witnesses and on or about the date set forth a sale was made as claimed by the government; * * * but you should take into consideration and carefully consider this question of date as bearing upon the question as to whether or not intoxicating liquor was sold as described by the witnesses, as bearing on the credibility of the witnesses."

It is conceded that a variance between indictment and proof, as to date, is not fatal; but defendants' claim in substance is that a variance in date between the testimony of the government's witnesses and the fact is fatal. The charge quoted carefully preserved to defendants everything to which they were entitled on this subject. The important thing was not the date, but the occasion, and it was clearly competent for the jury to find that the government witnesses were right as to the things which occurred, but were mistaken as to the precise day fixed. There was no error in submitting the case to the jury upon that theory.

[3] 3. In one case, complaint is made that the District Judge abused his discretion in refusing a continuance. It would be a very extreme case in which a conviction could be reversed for such a reason; but, if we were to assume (which we do not intend to imply) that the facts presented made it the legal duty of the trial judge to give a sufficient continuance to get the testimony which was desired, the error would be without prejudice in this case. The desired evidence related only to certain counts of the indictment. The respondent was convicted upon the other counts as well; and this conviction would, in any event, have sustained the sentence imposed. Claassen v. U. S., 142 U. S. 140, 146, 12 Sup. Ct. 169, 35 L. Ed. 966. Only in a case where the evidence of which defendant was thus deprived could have had a substantial and direct influence upon the trial on the other counts could there be any reversible error in excluding the evidence; and such influence here would have been extremely remote.

4. Other points argued were not raised below, and are not of such character as to require consideration under rule 11 (150 Fed. xxii, 79 C. C. A. xxii).

The judgments must be affirmed.

