STETSON v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 13, 1919.)

No. 3217.

1. POISONS ⚖2—FEDERAL NARCOTIC DRUG ACT—VALIDITY OF ADMINISTRATIVE PROVISIONS.

The administrative provisions of Harrison Narcotic Drug Act, § 1 (Comp. St. § 6287g), relating to taxation and registration, are valid.

2. INDICTMENT AND INFORMATION ⚖111(4)—FEDERAL NARCOTIC DRUG ACT—NEGATIVING EXCEPTIONS.

An indictment for violation of the Harrison Narcotic Drug Act (Comp. St. § 6287g et seq.), which described defendant as not being then and there an officer of the federal government or state government engaged in making purchases of the specified drug, and not being any other officer entitled to make such purchases, held not insufficient, as failing to negative all statutory exceptions from the operation of the statute by section 1.

3. INDICTMENT AND INFORMATION ⚖71—CERTAINTY.

An indictment is sufficiently certain if it fairly informs accused of the crime intended to be charged, so as to enable him to prepare his defense, and so as to make the judgment a complete defense to a second prosecution.

4. INDICTMENT AND INFORMATION ⚖111(2)—FEDERAL NARCOTIC DRUG ACT—NEGATIVING EXCEPTIONS.

Count of indictment for violation of the Harrison Narcotic Drug Act (Comp. St. § 6287g et seq.) held not bad, as not negativing the exception of section 6 (Comp. St. § 6287l), that the provisions of the act shall not be construed to apply to the dispensing of remedies not containing more than a quarter of a grain of morphine, etc.

5. INDICTMENT AND INFORMATION ⚖111(2)—NEGATIVING EXCEPTIONS.

An exception in the enacting clause of a penal statute must be negatived by the indictment, but an exception in a later section need not be negatived.

6. INDICTMENT AND INFORMATION ⚖110(3)—DESCRIPTION OF STATUTORY OFFENSE.

Description of a statutory offense in the language of the statute is sufficient, provided the language used according to its natural import fully describes the offense.

7. INDICTMENT AND INFORMATION ⚖110(3)—FEDERAL NARCOTIC DRUG ACT—DESCRIPTION OF OFFENSE—SUFFICIENCY—STATUTORY LANGUAGE.

Indictment for violation of the Harrison Narcotic Drug Act (Comp. St. § 6287g et seq.), stating the charge substantially, though not literally, in the language of section 1 of the act, fully defining the offense, and also alleging the sale of morphine in certain so-called morphine checks and other forms, held sufficient.

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

257 F.—44

**8.** POISONS ☞4—FEDERAL NARCOTIC DRUG ACT—"PREPARATIONS AND REMEDIES."

Ꮎ"Preparations and remedies," contained in Harrison Narcotic Drug Act, § 6 (Comp. St. § 6287*l*), *held* not to include clear morphine, but to relate to actual medicinal preparations and remedies not containing more than a quarter of a grain of morphine, remedies such as a physician or druggist would normally dispense.

**9.** POISONS ☞9—FEDERAL NARCOTIC DRUG ACT—EVIDENCE.

In a prosecution for violation of the Harrison Narcotic Drug Act (Comp. St. § 6287g et seq.), defendant not being charged as a physician or a druggist, and the indictment not negativing the exception of section 6 of the act (Comp. St. § 6287*l*), it was open to him to show he was merely dispensing medicinal preparations and remedies containing not more than the amount of morphine permitted by section 6.

**10.** CRIMINAL LAW ☞1186(4)—REVERSAL—TECHNICAL OBJECTION TO INDICTMENT.

Objection to indictment for violating the Harrison Narcotic Drug Act (Comp. St. § 6287g et seq.), in that it did not negative the exception of section 6 (Comp. St. § 6287*l*) relative to the dispensing of preparations and remedies not containing more than a quarter of a grain of morphine, *held* technical, unsubstantial, and unprejudicial, and within the terms of Comp. St. § 1691, and Judicial Code, § 269 (Comp. St. § 1246), as amended February 26, 1919.

**11.** CRIMINAL LAW ☞1144(17)—APPEAL—PRESUMPTION AS TO SENTENCE—IMPOSITION UNDER VALID COUNT.

In the absence of evidence to the contrary, sentence which could have been imposed on conviction under either count of an indictment will be presumed to have been imposed under the valid count.

**12.** POISONS ☞4—HARRISON NARCOTIC DRUG ACT—APPLICATION OF SECTION.

Harrison Narcotic Drug Act, § 8 (Comp. St. § 6287n), applies to the business of selling narcotic drugs as distinct from mere possession.

**13.** CRIMINAL LAW ☞1090(8, 11)—MATTERS NOT REVIEWABLE—ABSENCE OF BILL OF EXCEPTIONS.

On appeal from a conviction, cricitisms of alleged lack of evidence in certain respects, of asserted erroneous proceedings on trial, and of the introduction of certain undisputed evidence, cannot be considered, where the record contains no bill of exceptions, and thus no evidence.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Frank Stetson was convicted of violating the federal Narcotic Drug Act, and he brings error. Affirmed.

Frans E. Lindquist, of Kansas City, Mo., for plaintiff in error.
Frederic L. Eaton, Asst. U. S. Atty., of Detroit, Mich.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. Stetson was indicted for violating the Harrison Narcotic Drug Act (U. S. Comp. St. 1916, § 6287g et seq.). The indictment contained two counts. The first charged him with engaging in carrying on the business of dealing in and selling morphine, by selling and dispensing the same to persons unknown, without having registered with or paid the special tax to the collector of internal revenue, as required by section 1 of the act. The second count charged him with a violation of section 8, in having morphine in his possession

for purposes of sale without having registered or paid the special tax. Under his plea of not guilty he was tried, convicted, and sentenced. He challenges the constitutionality of both sections 1 and 8 of the act, and the sufficiency of each count in the indictment.

[1] 1. The recent decisions of the Supreme Court of the United States in United States v. Doremus, 249 U. S. 86, 39 Sup. Ct. 214, 63 L. Ed. ——, in which petition for rehearing has been denied, and Webb & Goldbaum v. United States, 249 U. S. 96, 39 Sup. Ct. 217, 63 L. Ed. ——, foreclose the question of the constitutionality of section 1. While those decisions directly relate to section 2, it follows, from the sustaining of the act as a revenue measure, that the validity of the administrative provisions of section 1, relating to taxation and registration, is unassailable.

[2, 3] 2. Section 1 contains a proviso exempting from the requirements of registration and payment of tax "officers of the United States government who are lawfully engaged in making purchases of the above-named drugs for the various departments of the Army and Navy, the public health service, and for government hospitals and prisons, and officers of any state government, or of any county or municipality therein, who are lawfully engaged in making purchases of the above-named drugs for state, county, or municipal hospitals or prisons, and officials of any territory or insular possession, or the District of Columbia, or of the United States, who are lawfully engaged in making purchases of the above-named drugs for hospitals or prisons therein."

Stetson is described in the indictment as "not being then and there an officer of the federal government or state government engaged in making purchases of the above-named drug, and not being then and there any other officer entitled to make purchases of said narcotic drugs." The indictment is criticized as failing to negative all the statutory exceptions. We think this criticism without merit. The statute does not except all officers of counties or municipalities, nor all officials of any territory or insular possessions, but only such as are lawfully engaged in making purchases of the drugs in question for hospitals and prisons. We think the negative contained in the indictment, while more general, is even broader than the statute. Defendant cannot complain that the exception is made to cover more than it need to. It does not affect his substantial rights, nor tend to his prejudice. An indictment is sufficiently certain if it fairly inform the accused of the crime intended to be charged so as to enable him to prepare for his defense, and so as to make the judgment a complete defense to a second prosecution for the same offense. United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516; Tyomies Pub. Co. v. United States (C. C. A. 6) 211 Fed. 385, 389, 128 C. C. A. 47; Daniels v. United States (C. C. A. 6) 196 Fed. 459, 465, 116 C. C. A. 233.

In our opinion, the indictment, so far as the question we are considering is concerned, responds to this test.

[4-7] 3. Section 6 of the Harrison Act (Comp. St. § 6287*l*) declares that its provisions "shall not be construed to apply to the sale, distribution, giving away, dispensing, or possession of preparations and rem-

edies which do not contain more than  *  *  *  one-fourth of a grain of morphine;  *  *  *  Provided that such remedies are sold, distributed, given away, dispensed, or possessed as medicines, and not for the purpose of evading the intentions and provisions of this act."

The criticism that the first count of the indictment is bad, because not negativing this exception, does not impress us as meritorious. The general rule is that an exception in the enacting clause must be negatived by the pleader, but that an exception in a later section of the statute need not be negatived. United States v. Cook, 17 Wall. 168, 21 L. Ed. 538; Ledbetter v. United States, 170 U. S. 606, 611, 18 Sup. Ct. 774, 42 L. Ed. 1162; Shelp v. United States (C. C. A. 9) 81 Fed. 694, 696, 26 C. C. A. 570; Breitmayer v. United States (C. C. A. 6) 249 Fed. 929, 934, 162 C. C. A. 127.

In United States v. Cook, supra, it is said, somewhat obiter (17 Wall. 176, 21 L. Ed. 538), that although the exception is not in the enacting clause, yet if it is so incorporated with that clause "that it becomes in fact a part of the description, then it cannot be omitted in the pleading, but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is matter of defense and must be shown by the other party, though it be in the same section or even in a succeeding sentence." It is also the rule that a description of a statutory offense in the language of the statute is sufficient, provided the language used, according to its natural import, fully describes the offense. Potter v. United States, 155 U. S. 438, 444, 15 Sup. Ct. 144, 39 L. Ed. 214. In our opinion the first section of the act fully defines the substantive offense with which defendant is charged. That section makes it unlawful for any person required to register under the act to deal in, sell or dispense morphine without registering and paying the tax. The indictment states the charge substantially, although not literally, in the language of the section. Moreover, it alleges the sale of morphine "in certain so-called morphine checks and other forms."

[8-10] Defendant pleaded to the indictment without questioning its sufficiency. We think that the words "preparations and remedies" contained in section 6 are not meant to include clear morphine, but relate to actual medicinal "preparations and remedies which do not contain more than  *  *  *  one-quarter of a grain of morphine"—such preparations and remedies as a druggist or a physician would normally dispense. In view of the fact that defendant is not charged as a physician or a druggist, we think he was sufficiently informed of the accusation, and that under that accusation it was open to him to show that he was merely dispensing medicinal "preparations and remedies," containing not more than the permitted amount of morphine. We think this conclusion finds more or less support in Shelp v. United States, supra, where, in an indictment for selling liquor contrary to the act forbidding the "importation, manufacture, and sale of intoxicating liquors" in Alaska, "except for medicinal, mechanical and scientific purposes," it was held not necessary to negative the exception mentioned in the statute; also Ledbetter v. United States, supra, where it was held sufficient to charge the offense in the language of the stat-

ute and unnecessary to negative the exception "other than as hereinafter provided," in the statute forbidding the carrying on of a liquor business. See also Smith v. United States (C. C. A. 8) 157 Fed. 721, 85 C. C. A. 353; Young v. United States (C. C. A. 6) 249 Fed. 935, 937, 162 C. C. A. 133. In view of the considerations stated, and of the further fact that whether he was within the subject-matter of the exception was peculiarly within defendant's own knowledge, we think the criticism we are considering is technical, unsubstantial and unprejudicial, and thus within the terms of section 1691 of the Compiled Statutes and section 269 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163 [Comp. St. § 1246]), as amended February 26, 1919 (40 Stat. 1181, c. 48).

[11, 12] 4. The conclusion reached as to the sufficiency of the first count makes consideration of the second count unnecessary. The conviction was a general one, and covered both counts. The sentence was such as could have been imposed upon a conviction under either count. In the absence of evidence to the contrary, it will be presumed to have been imposed under the valid count. Claasen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966; Hardesty v. United States (C. C. A. 6) 168 Fed. 25, 26, 93 C. C. A. 417, and cases cited; Bartholomew v. United States (C. C. A. 6) 177 Fed. at p. 905, 101 C. C. A. 182; Botsford v. United States (C. C. A. 6) 215 Fed. 510, 132 C. C. A. 22. In thus passing by the second count, we must not be understood as questioning its sufficiency or the validity of section 8 of the act. That section applies to the business of selling, as distinguished from mere possession. United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854.

[13] 5. The criticisms of alleged lack of evidence in certain respects, of asserted erroneous proceedings on the trial, and of the introduction of certain undisputed evidence, cannot be considered. The record contains no bill of exceptions, and thus no evidence. So far as concerns the proceedings below, it is confined to the indictment, the plea, the verdict, the sentence, and motion that a proposed bill of exceptions be signed, and the order denying that motion. Before the writ of error was returned to this court we denied an application for mandamus to compel settlement of bill of exceptions, for the reason that it affirmatively appeared that the court below had lost jurisdiction so to do by the lapse of the term at which the judgment was entered, without reservation of jurisdiction over the settlement, and without attempt on the part of defendant to have such jurisdiction reserved.

Finding no reversible error in the record, the judgment of the District Court is affirmed.