## MANNING v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. July 12, 1921.)

### No. 5659.

1. **Criminal law ⬗196—Test of former jeopardy.**

   The test by which is determined a plea of former jeopardy is whether if what is set out in the second indictment had been proved under the first it would have supported a conviction, and, if it would, the second cannot be maintained.

2. **Criminal law ⬗196—Acquittal on one charge of conspiracy held bar to prosecution on second charge.**

   Acquittal of defendant under an indictment charging conspiracy with another to sell opium derivatives "not in pursuance of written orders on forms issued in blank for that purpose by the Commissioner of Internal Revenue," in violation of Harrison Anti-Narcotic Act Dec. 17, 1914, c. 1, § 2 (Comp. St. § 6287h), *held* a bar to prosecution on a second indictment, charging a conspiracy, with the same person, at the same time and place, to violate said section, in that they conspired that defendant, who was a physician registered under the act, should issue prescriptions for the proscribed drugs not in the course of his professional practice, to persons other than his patients, and that his coconspirator, who was a druggist and dealer registered under the act, should fill such prescriptions and sell the drugs to the persons to whom they were issued, proof of such charge being sufficient, under Crim. Code, § 332 (Comp. St. § 10506), to sustain a conviction under the former indictment.

3. **Conspiracy ⬗27, 43(5)—Defective indictment not aided by averment of overt act; overt act need not be criminal.**

   While an overt act is essential to render a conspiracy punishable under Crim. Code, § 37 (Comp. St. § 10201), such act need not be a criminal act, and a substantially defective indictment for conspiracy cannot be

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

aided by the averment of acts done by one or more of the conspirators in furtherance of its object.

**4. Indictment and information ☜111(1)—Indictment for conspiracy to violate narcotic act need not negative exceptions.**

In an indictment for sale of drugs in violation of Harrison Anti-Narcotic Act Dec. 17, 1914, c. 1, § 2 (Comp. St. § 6287h), it is not necessary to negative any of the exceptions to the prohibition of said section.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Criminal prosecution by the United States against Thomas S. Manning. Judgment of conviction, and defendant brings error. Reversed.

Edward A. Raithel, of St. Louis, Mo., for plaintiff in error.

Vance J. Higgs, Sp. Asst. Atty. Gen., of St. Louis, Mo. (James E. Carroll, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and COTTERAL, District Judge.

SANBORN, Circuit Judge. Thomas S. Manning, the plaintiff in error, and one of the defendants below, was indicted under section 37 of the Criminal Code, 35 Stat. 1096 (Comp. St. § 10201), for committing the offense of conspiring with his codefendant George F. Cucchi and others to the grand jurors unknown, at St. Louis, Mo., between June 30, 1916, and July 12, 1916, to commit the offense of disposing of opium, its compounds and derivatives, in violation of section 2 of the Harrison Anti-Narcotic Act. 38 Stat. 786 (Comp. St. § 6287h). He pleaded not guilty, was tried, acquitted, and on May 18, 1917, was discharged. On June 19, 1917, he was again indicted under section 37 of the Criminal Code for conspiring with George F. Cucchi on or about July 1, 1916, to commit the offense of disposing of opium, its compounds and derivatives, in violation of section 2 of the Harrison Anti-Narcotic Act. 38 Stat. 786 (Comp. St. § 6287h). He pleaded his former indictment, trial, and acquittal in bar. The plaintiff demurred to his plea, and the demurrer was overruled. The plaintiff then answered the plea, and admitted in the answer the former indictment, trial, and acquittal of Manning, but denied that the conspiracy charged in the first indictment was for the same offense as that charged in the second indictment. The issue thus formed was submitted to the court on the plea and answer. The court overruled the plea, the defendant excepted, pleaded not guilty, was tried, convicted, and sentenced. It is this judgment and sentence that the writ of error in this case was sued out to reverse. In support of his writ, the defendant Manning makes numerous specifications of error in his trial, one of which is that the court, on the answer of the plaintiff, overruled his plea of former jeopardy and acquittal of the same offense charged in the second indictment. This specification will first be considered.

[1] The fifth amendment to the Constitution of the United States declares: "Nor shall any person be subject for the same offense to

be twice put in jeopardy of life or limb." The question here is whether or not the defendant has been put twice in jeopardy in violation of this declaration, and "the test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be." Bishop's Criminal Law (8th Ed.) § 1052, subd. 2; Morgan v. Devine, 237 U. S. 632, 641, 35 Sup. Ct. 712, 59 L. Ed. 1153; Carter v. McClaughry, 183 U. S. 365, 394, 22 Sup. Ct. 181, 46 L. Ed. 236; Burton v. United States, 202 U. S. 345, 381, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362.

[2] Section 2 of the Harrison Anti-Narcotic Act forbids any one to dispose of any opium or coca leaves, or any of their derivatives, to any person or party, but, subject only to a compliance with certain methods of procedure prescribed in the act, makes these six express exceptions to its prohibition: First, one may lawfully dispose of these drugs in pursuance of a written order of the person to whom he disposes of them, on the form prescribed and issued by the Commissioner of Internal Revenue. Second, one who is a physician, dentist, or veterinary surgeon, registered under the act, may lawfully dispose of such drugs in the course of his professional practice only to his patient. Third, one who is a dealer, registered under the act, may dispose of such drugs to a consumer, in pursuance of a written prescription, issued by a physician, dentist, or veterinary surgeon registered under the act. Fourth, any one in the United States may dispose of such drugs to any person in any foreign country, in accordance with such regulations for the importation thereof, as are prescribed by that country. Fifth, any one may dispose of such drugs to any officers of the United States, or of any state, lawfully engaged in making purchases thereof for the army, the navy, the Public Health Service, the hospitals, or prisoners of the nation, state, or of any city or county therein. Sixth, one may dispose of such drugs in quantities not exceeding one-fourth of a grain at a time, "Provided, that such remedies and preparations are sold, distributed, given away, dispensed, or possessed as medicines and not for the purpose of evading the intentions and provisions of this act." Compiled Statutes, § 6287l.

The first indictment charged that Manning, Cucchi, and others to the grand jurors unknown, conspired, between June 30, 1916, and July 12, 1916, "to sell, barter, exchange and give away," that is to say, to dispose of the proscribed drugs, "not in pursuance of written orders on forms issued in blank for that purpose by the Commissioner of Internal Revenue," that is, without bringing themselves under the first exception to the inhibition of the act, but it does not allege that the defendants did not bring themselves under one or all of the other five exceptions. The indictment then alleges as overt acts the disposition by defendants, to persons named, of 581 grains and to persons unknown of 2,100 grains of the proscribed drugs. The second indictment charged that, on or about July 1, 1916, which was at the same time charged in the first indictment, and at the same place the defendant and Cucchi conspired "to commit an offense against the act of

Congress of the United States of America, dated December 17, A. D. 1914," the Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), in that the defendant Manning, who was a physician, registered under the act, conspired with Cucchi, who was a druggist and dealer registered under the act, that Manning should issue prescriptions for the proscribed drugs not in the course of his professional practice only, to persons other than his patients, and that Cucchi should fill such prescriptions and dispose of the proscribed drugs to the persons who received the prescription. In other words, the second indictment charged that the defendants conspired to violate the prohibition of the second section of the law, and did not bring themselves under either the second or third exceptions thereto, but the indictment fails to charge that they were not within either the first, fourth, fifth, or sixth exceptions. There was no statement in that part of either of the indictments which charged the conspiracy of the persons or parties to whom the conspirators agreed to dispose of any of the drugs, or of any definite time, place, or circumstance not hereinbefore stated to more fully identify the conspiracy charged in either of them. The second indictment alleged as overt acts the disposition by Cucchi, on prescriptions issued by Manning, of 242½ grains of the proscribed drugs.

[3] The offense charged in each of these indictments is not a violation of the Anti-Narcotic Act, but it is a conspiracy to violate that act, and a conspiracy to violate a law of the United States is a separate and distinct offense from the offense of violating that law. Kelly v. United States, 258 Fed. 392, 393, 169 C. C. A. 408; United States v. Rabinowich, 238 U. S. 78, 85, 35 Sup. Ct. 682, 59 L. Ed. 1211. While an overt act, done to effect the object of a conspiracy, is essential to render a conspiracy punishable, such an act need not be a criminal act, much less an act constituting the crime that is the object of the conspiracy. United States v. Holte, 236 U. S. 140, 144, 35 Sup. Ct. 271, 59 L. Ed. 504, L. R. A. 1915D, 281. Overt acts are in reality something apart from the conspiracy, being acts to effect the object thereof, Joplin Mercantile Co. v. United States, 236 U. S. 531, 535, 35 Sup. Ct. 291, 59 L. Ed. 705; and a substantially defective indictment for a conspiracy cannot be aided by the averment of acts done by one or more of the conspirators in furtherance of its object, United States v. Britton, 108 U. S. 204, 205, 2 Sup. Ct. 531, 27 L. Ed. 298; United States v. Black, 160 Fed. 431, 435, 87 C. C. A. 383.

[4] It would have been unnecessary, even in an indictment for a direct violation of the prohibition of section 2 of the Anti-Narcotic Act against the disposition of the proscribed drugs, to negative any of the six exceptions to that prohibition, for they were matters of defense. Much less was it necessary to negative any of them in an indictment for a conspiracy to commit that offense. Stetson v. United States, 257 Fed. 689, 691, 168 C. C. A. 639; United States v. Nelson (D. C.) 29 Fed. 202, 209; Nelson v. United States (C. C.) 30 Fed. 112, 117; United States v. Cook (D. C.) 36 Fed. 896, 897; Shelp v. United States, 81 Fed. 694, 696, 26 C. C. A. 570; United States v. Oregon Short Line Ry. Co. (C. C.) 160 Fed. 526, 529; United States v. Penn. Ry.

Co. (D. C.) 153 Fed. 625, 628; Smith v. United States, 157 Fed. 721, 726, 727, 85 C. C. A. 353; Jin Fuey Moy v. United States (opinion filed December 6, 1920) 254 U. S. 189, 41 Sup. Ct. 99, 100, 65 L. Ed. ——.

In the case last cited the defendant was indicted for a direct violation of section 2 of the Anti-Narcotic Act. He was convicted on eight counts of that indictment. Each of these counts alleged the violation of the prohibition of section 2, first in the way the first indictment in this case alleges that the defendant conspired with Cucchi and others to violate it, to wit, by selling, bartering, exchanging and giving away the proscribed drugs to a person named in the count not in pursuance of a written order from such person on the form issued in blank by the Commissioner of Internal Revenue, and also, second, in the way the second indictment in this case alleges that Manning, being a registered physician, conspired with Cucchi to violate it, to wit, by issuing, not in the course of the defendant Manning's professional practice only, to a certain person named in the indictment, who was not a patient of the defendant, a prescription for one of the proscribed drugs. The defendant in the Jin Fuey Moy Case was convicted, and counsel insisted that the two offenses charged in each count of the indictment, the disposition of the drugs by selling to a person not on a prescribed form, and the disposition of them by a registered physician by means of a prescription issued by him to one not a patient, were so essentially different that they were repugnant, and that they made each count of the indictment fatally defective. The Supreme Court, referring to the charge in that case of selling not on a written order upon the prescribed form, held that—

"Unless defendant could 'sell' in a criminal sense, by issuing a prescription, the indictment is bad. If 'selling' must be confined to a parting with one's own property there might be difficulty. But by section 332 of the Criminal Code (Compiled Stats. § 10506) 'whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.' Taking this together with the clauses quoted from section 2 of the Anti-Narcotic Act, it is easy to see, and the evidence in this case demonstrates, that one may take a principal part in a prohibited sale of an opium derivative belonging to another person by unlawfully issuing a prescription to the would-be purchaser. Hence there is no necessary repugnance between prescribing and selling, and the indictment must be sustained."

In other words, the Supreme Court held in that case that a charge of selling the proscribed drugs in violation of the prohibition of section 2 of the Anti-Narcotic Act to a person not pursuant to a written order on the prescribed form issued by the Commissioner might be established by proof that the defendant, being a physician registered under the act, disposed of the drugs by prescribing them, not in his professional practice, to a person not his patient.

Now, bearing in mind that the parts of the two indictments under consideration which charged the conspiracy charge it at the same time and place, but do not specify any persons or parties to whom the defendants, or either of them, conspired to sell or prescribe the drugs,

that they simply charge in the first indictment that the defendants conspired to violate the prohibition of section 2 without bringing themselves under the first exception, and in the second indictment that they conspired to violate the prohibition without bringing themselves under the second exception, and that under the decision of the Supreme Court in the Jin Fuey Moy Case last cited the conspiracy to violate the prohibition of the second section of the act by selling the proscribed drugs to a person, not pursuant to an order on the prescribed form, might have been established by the proof of the conspiracy to violate that section by the disposition of the proscribed drugs by the defendant, who was a registered physician, by prescribing them, not in his professional practice to one not his patient, the facts of this case completely meet the test of former jeopardy, and the judgment and sentence below must be reversed, and the case must be remanded to the court below, with directions to discharge the defendant.