## WATSON v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. November 29, 1926.)

No. 4860.

1. Poisons ⊜⊃9—Indictment charging sale of paregoric containing opium held to charge accused was person required to register (Harrison Anti-Narcotic Act, § 2 [Comp. St. § 6287h]).

Indictment alleging that accused unlawfully sold paregoric containing two grains of opium to one fluid ounce, without prescription, official blanks, or making record of sale, held sufficiently to allege that accused was person required to be registered under Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h).

2. Poisons ⊜⊃2—Harrison Anti-Narcotic Act held not invalid, as invading police powers of state (Harrison Anti-Narcotic Act, §§ 2, 6 [Comp. St. §§ 6287h, 6287l]).

Harrison Anti-Narcotic Act, §§ 2, 6 (Comp. St. §§ 6287h, 6287l), so far as it prohibits sale of narcotics by dealers without prescription, official blank for sale, or record of sale, held not unconstitutional, as invading police powers of state.

3. Poisons ⊜⊃9—Indictment charging unlawful sale of narcotics held sufficient (Harrison Anti-Narcotic Act, § 2 [Comp. St. § 6287h]).

Indictment charging unlawful sale of paregoric in violation of Harrison Anti-Narcotic Act, by setting out all necessary elements of offense required by section 2 (Comp. St. § 6287h), held sufficient.

In Error to the District Court of the United States for the Eastern Division of the District of Idaho.

Charles Watson was convicted of violating Harrison Anti-Narcotic Act, § 2, and he brings error. Affirmed.

J. H. Peterson and T. C. Coffin, both of Pocatello, Idaho, for plaintiff in error.

*Rehearing denied January 31, 1927.

H. E. Ray, U. S. Atty., and Sam S. Griffin and Wm. H. Langroise, Asst. U. S. Attys., all of Boise, Idaho.

Before MORROW and RUDKIN, Circuit Judges, and NETERER, District Judge.

MORROW, Circuit Judge. Defendant, Charles S. Watson, was indicted in the District Court of the United States in and for the District of Idaho, Eastern Division. The first count was as follows:

"That heretofore, to wit, on or about the 15th day of March, 1926, at Pocatello, county of Bannock, state and district of Idaho, Eastern division, and within the jurisdiction of this court, the defendant Charles Watson did unlawfully and feloniously sell to one Thomas Taylor eight fluid ounces of a certain preparation of opium, to wit, paregoric, containing approximately two grains of opium in one fluid ounce, the said sale thereof being without and not in pursuance of a written order of the said Thomas Taylor, on a form issued in blank for that purpose by the Commissioner of Internal Revenue of the United States, and being, not under or in pursuance of a written prescription issued by a physician, dentist, or veterinary surgeon registered under the Act of Congress of December 17, 1914, and the said Charles Watson did not sell the said paregoric to the said Thomas Taylor as hereinbefore set forth as a medicine, and he, the said Charles Watson, did not keep a record of said sale of said paregoric to the said Thomas Taylor, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

The second count was for the same charge, excepting that the date was March 16, 1926.

Defendant pleaded not guilty, and the cause was set for trial on March 27, 1926. On that day defendant changed his plea to guilty.

On April 1, 1926, defendant made a motion in arrest of judgment, "for the reason that the facts set forth in the indictment or in any count thereof do not show a commission of any offense by the defendant against any law of the United States." This motion was denied, and defendant excepted. On April 5, 1926, sentence was pronounced of a fine of $600 on each count, defendant to be confined in jail until said fine was paid. Defendant then petitioned the District Court for a writ of error to this court, the error assigned being:

"That the District Court erred in overruling and denying, and in not granting, the motion of the said defendant in arrest of judgment. The indictment and each count there-

of fails to state facts sufficient to show that the defendant had violated the law, or any law, of the United States of America, or that he was guilty of any offense stated in any of said counts, in this: That neither of the said counts in the said indictment state an offense under the laws of the United States for the following reasons:.

"(1) The facts stated in each of the two counts of the indictment are not within the terms of the so-called Harrison Narcotic Act, and affirmatively show that the defendant did not violate any of the provisions of the said Harrison Narcotic Act.

"(2) If the said facts stated in each of the said counts, or in either of the said counts, are within the terms of the said Harrison Narcotic Act, namely, the Act of December 17, 1914, then to that extent the said act is in violation of article 10 of the Amendments to the Constitution of the United States of America, in that it is an attempt by Congress to exert a power not delegated to it by the Constitution."

The writ of error was allowed. The only questions before this court are whether the indictment states a public offense, and whether the statute on which the counts of the indictment are predicated is constitutional.

[1] As to the first question, defendant contends the indictment does not state a public offense, in that it does not charge that defendant is a person required to register under the Narcotic Act. In Bacigalupi v. United States (C. C. A.) 274 F. 367, this court held that an allegation in an indictment under this statute, charging that the defendant unlawfully, willfully, and knowingly sold, dispensed, and distributed a derivative of opium, sufficiently alleged that defendant was a person required to register under the Act of December 17, 1914 (Comp. St. §§ 6287g–6287q).

In the present case the indictment charged that defendant "did unlawfully and feloniously sell to one Thomas Taylor eight fluid ounces of a certain preparation of opium, to wit, paregoric, containing approximately two grains of opium in one fluid ounce, the said sale thereof being without and not in pursuance of a written order of the said Thomas Taylor on a form issued in blank for that purpose by the Commissioner of Internal Revenue of the United States, and being not under or in pursuance of a written prescription issued by a physician, dentist, or veterinary surgeon registered under the Act of Congress of December 17, 1914, and the said Charles Watson did not sell the said paregoric to the said Thomas Taylor as hereinbefore set forth as a medicine, and he, the said Charles Watson, did not keep a record of said sale of said paregoric to the said Thomas Taylor." This is clearly sufficient to charge that defendant was a person whose act required him to register under the Narcotic Act.

[2] As to the second question, defendant contends that the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), if construed to embrace matters such as those set forth in each count of the indictment, is beyond the constitutional power of Congress to enact, because it is an attempt by Congress to exert a power not delegated, viz. the reserved police power of the state. Counsel for defendant cites Linder v. United States, 268 U. S. 5, 45 S. Ct. 446, 69 L. Ed. 819, 39 A. L. R. 229, as controlling.

With that contention we cannot agree. The court there passed upon the question whether a provision of an act of Congress ostensibly enacted under power granted by the Constitution, not naturally and reasonably adapted to the effective exercise of such power, but solely to the achievement of something plainly within the power reserved to the states, was valid. The court held that "the Narcotic Law" was "essentially a revenue measure, and its provisions must be reasonably applied with the primary view of enforcing the special tax" therein provided. The court states that it found "no facts alleged in the indictment sufficient to show that petitioner had done anything falling within definite inhibitions or sufficient materially to imperil orderly collection of revenue from sales." The court accordingly held that the facts charged in the indictment were not sufficient to constitute an offense against the Narcotic Law.

Here we are not dealing with that question. The question here is whether the sale of the paregoric by defendant, who is a dealer, is prohibited under section 2 and section 6 of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287h–6287l). We think it is.

As to the constitutionality of section 2 of the Harrison Anti-Narcotic Act, this has been sustained in United States v. Doremus, 249 U. S. 86, 95, 39 S. Ct. 214, 216 (63 L. Ed. 493), where the court said: "We cannot agree with the contention that the provisions of section 2, controlling the disposition of these drugs in the ways described, can have nothing to do with facilitating the collection of the revenue, as we should be obliged to do if we were to declare this act beyond the power of Congress acting under its constitutional authority to impose excise taxes."

The cases of Webb v. U. S., 249 U. S. 96, 39 S. Ct. 217, 63 L. Ed. 497, and Linder v. U. S., 268 U. S. 5, 45 S. Ct. 446, 69 L. Ed. 819, 39 A. L. R. 229, also hold the act to be constitutional. Clearly there was here a violation of the act. The paregoric was sold without a prescription, and without an official blank for sale of a prohibited drug, and defendant made no record of the sale.

[3] As to the sufficiency of the indictment, all of the necessary elements of the offense required by section 2 have been complied with in the allegations in the second count.

In Stetson v. United States, 257 F. 689, 168 C. C. A. 639, the indictment was criticized as failing to negative all the statutory exceptions. The court held that the criticism was without merit, saying (page 691 [168 C. C. A. 641]): "An indictment is sufficiently certain if it fairly inform the accused of the crime intended to be charged so as to enable him to prepare for his defense, and so as to make the judgment a complete defense to a second prosecution for the same offense."

The court further said (page 692 [168 C. C. A. 642]): "It is also the rule that a description of a statutory offense in the language of the statute is sufficient, provided the language used, according to its natural import, fully describes the offense."

In Oliver v. United States (C. C. A.) 267 F. 544, 546, the court said: "So far from being demurrable, the indictment is unnecessarily specific in negativing the exceptions contained in section 6. Section 8 of the act (Comp. St. § 6287n) makes it unnecessary to negative the exemptions, and also places the burden of proof of any such exemptions upon the defendant. The case of Webb & Goldbaum v. U. S., 249 U. S. 96, 34 S. Ct. 217, 63 L. Ed. 497, supra, recognizes the right of the government to require persons, who claim the benefit of the exemptions of the act, to comply with the requirements."

The judgment of the District Court is affirmed.