## UNITED STATES v. CLAUS.
### No. 37037.

District Court, E. D. New York.
May 25, 1937.

**436**

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (James G. Scileppi, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Joseph H. Wackerman, of Brooklyn, N. Y., for defendant.

BYERS, District Judge.

The defendant has filed a plea to the above indictment of former jeopardy, which requires disposition. The United States has filed a reply, and to that the defendant has made replication.

The indictment contains three counts, and charges mail fraud involving the mailing of letters within this district on January 17, 1936, February 12, 1936, and March 14, 1936, as part of a scheme, artifice and device to defraud one Carl Johnson and others.

The prior indictment, bearing the number 36896, against the same defendant, was founded upon the said letter of January 17, 1936. That came to trial on March 23, 1937, and at the close of the government's case a motion to dismiss the indictment, which had been denied after the jury was impaneled and sworn, was renewed and, upon such renewal, it was granted upon the ground that the indictment was insufficient. The language of the trial judge was this:

"I will dismiss the indictment on the ground that, in my opinion, it is insufficient. I am not deciding this case on the merits. I am dismissing the indictment.

"I do not think that the indictment sets forth a crime. The indictment ought to say the mails were used pursuant to a scheme to defraud.

"Mr. Wackerman, I will grant your motion originally made, to dismiss the indictment for insufficiency. I am not deciding the merits at all."

To the foregoing, the defendant's attorney took an exception.

The applicable rule was stated in Manning v. United States (C.C.A.) 275 F. 29, at page 31: "The question here is whether or not the defendant has been put twice in jeopardy in violation of this declaration [Fifth amendment to the Constitution], and 'the test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be.' [Citing cases.]"

The question for decision, in its most favorable aspect to the defendant, is whether the letters of February 12, 1936, and March 14, 1936, could have been proved under the first indictment.

The proceedings of March 23, 1937, are before the court and have been consulted. It is true that the last-mentioned letters were received in evidence subject to connection and subject to a motion to strike, but obviously they did not prove or tend to prove that the letter described in that indictment of January 16, 1936, had been mailed by the defendant.

This was recognized by the defendant's counsel in making his objection to those letters, his language being: "At this time I want to move to strike out Government's Exhibit #3, that is the letter of March 14th, and Government's Exhibit #2, the letter of February 12th, on the ground that there is absolutely no connection in this case with the indictment."

It is true that the motion was denied, but that does not mean that the court would have retained those two letters in evidence, had the case been finally submitted to the jury on the merits.

The first indictment was not concerned with the letters of February 12th and March 14th and, within the foregoing test, it is not seen how any question of second jeopardy is presented in respect of counts 2 and 3 of the present indictment.

As to the first count, the issue is not so clear, by reason of the fact that the pro-

ceedings on the first trial were comparable to those in the case of Simpson v. United States (C.C.A.) 229 F. 940, in which it appeared that, in the trial court and after the testimony had been taken and summations had, the court of its own motion discharged the jury and remanded the defendants to abide the action of another grand jury, because the indictment was defective by reason of the omission of a clause material to the commission of a crime. In the Circuit Court of Appeals, the distinction was drawn between an acquittal on the merits and what actually took place, and the court said that a prosecution on a defective indictment which did not result in an acquittal on the merits was not a bar to a subsequent prosecution. Certiorari was denied, 241 U. S. 668, 36 S.Ct. 552, 60 L.Ed. 1229.

■ Perhaps that decision could be relied upon to overrule the plea as to the first count in this indictment, but in the light of all that transpired on the first trial it would seem that the issue of second jeopardy is so closely drawn as to the letter of January 17, 1936, that any controversy as to the defendant's constitutional rights can best be avoided by sustaining the plea as to the first count and overruling it as to the second and third counts, and it will be so ordered.